
### Cooper vs. Watson.

In a suit for breach of covenant of *warranty*, in a deed, where the defendant pleads no other plea than *non est factum*, the plaintiff, to entitle himself to a recovery, is bound *only to prove the execution of the deed; he cannot be required* to prove the eviction by production of the record of the recovery against him or the writ of possession executed.

A covenantor in such case is not permitted to shew title in himself at the date of his conveyance, if he had due and reasonable notice of the suit against the grantee of the covenantee, so as to enable him to attend to the defence.

Where a defendant gives *notice* subjoined to his plea, that he will prove that the eviction took place in consequence of the plaintiff accepting a deed from and executing a mortgage to A., evidence that the plaintiff accepted a deed from and executed a mortgage to B. is inadmissible; and proof that B. was the agent of A. does not remove the difficulty, unless it be shewn that the plaintiff knew B. to be the agent of A. and dealt with him accordingly.

Evidence of what transpired on the trial of the ejectment suit is inadmissible without production of the circuit roll.

THIS was an action of covenant, tried at the Seneca circuit, in June, 1831, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The action was for the breach of the covenant of *warranty*, contained in a deed bearing date in 1810, executed by the defendant to one Vanderbelt, who subsequently conveyed to the plaintiff. The declaration sets forth an eviction of the plaintiff by *Samuel W. Dexter* and others, by due process of law, against the will of the plaintiff, Dexter and others having lawful right and title, &c. The defendant pleaded, 1. *Non est factum;* 2. *Actio non* because on &c. at &c. the plaintiff being lawfully seized, &c. of his own free and voluntary act, entered into an agreement with *Samuel Dexter* to surrender and give up the premises to him; and did voluntarily admit that the premises did belong to Dexter, and agreed to hold the same under him; and that the eviction complained of in the first count of the declaration was in consequence of such admission and surrender, and this, &c. wherefore, &c. 3. *Actio non* because on &c. at &c. the plaintiff being law-

fully seized, &c. did of his own free and voluntary will, *and without suit or lawful eviction,* surrender and give up the premises to *Samuel Dexter,* and admitted that Dexter had title thereto, and that the eviction in the second count mentioned was by reason of such surrender and admission, and this, &c. wherefore, &c. To the first special plea the plaintiff replied special matter, the defendant rejoined, and the plaintiff demurred for special causes, which demurrer was adjudged by the court to have been well taken ; and to the second special plea the plaintiff took issue. The defendant also subjoined a notice to his plea of *non est factum,* that on the trial of the cause he would prove that at the time of his conveyance to Vanderbelt he had lawful title to the premises, and that Dexter and the others who expelled the plaintiff had no title whatever; that in July 1816, the plaintiff being seized of the premises under his conveyance from Vanderbelt, voluntarily surrendered and admitted the title to the premises to be in *Samuel Dexter,* acknowledged him to be the owner of the same, accepted a deed from him and executed a mortgage to him, to secure the purchase money agreed to be paid ; and that the eviction was in consequence of the non-payment of the money thus secured to be paid. On the trial of the cause, the deeds from the defendant to Vanderbelt and from Vanderbelt to the plaintiff were produced, and the plaintiff claimed to recover the amount of the consideration expressed in the deed to Vanderbelt, six years interest, and the costs of the defence of the suit, by means of which he was evicted ; the amount of which being ascertained, the plaintiff rested. The defendant insisted that the plaintiff was not entitled to recover, unless he produced the record of the recovery against him and shewed a writ of possession duly executed under it. The judge ruled that under the state of the pleadings such proof was unnecessary. The defendant then offered to shew title in himself to the premises in question, at the time of his conveyance to Vanderbelt ; which evidence was objected to, on the ground that by the eviction in the declaration mentioned, the defendant was barred from setting up title in himself, and that under the pleadings the plaintiff was not bound to shew notice of the suit to the defendant. The objection was sustained, but the

NEW-YORK,
May, 1833.

Cooper
v.
Watson.

plaintiff nevertheless proceeded and proved notice to the defendant of the suit of Dexter and others against the plaintiff, and the retainer by the defendant of an attorney to defend such suit. The defendant then offered to give in evidence, under the notice annexed to his plea, a deed of the premises from *Gilbert Stewart* to the plaintiff, and a mortgage from the plaintiff to Stewart, and offered to prove by *parol* that Stewart was the agent and trustee of *Samuel Dexter*, and gave the deed and took the mortgage as such trustee ; that the eviction of the plaintiff was in consequence of accepting such deed and executing such mortgage, and that the said deed and mortgage was the only evidence adduced against the plaintiff on the trial of the suit against him, by means of which he was evicted. To this evidence the plaintiff objected, 1. On account of the variance between it and the notice, the defendant having given notice that he would prove a deed from and a mortgage to *Samuel Dexter*, and not to *Gilbert Stewart ;* 2. That parol proof of the agency and trusteeship of Stewart was inadmissible ; and 3. That evidence of what transpired on the trial of the cause against the plaintiff could not be received without production of the circuit roll. The evidence was rejected, and the jury, under the charge of the judge, found a verdict for the plaintiff, assessing contingent damages on the issues of law. The defendant moved for a new trial on a case made, and at the same time the demurrer was argued.

*H. Bleecker,* for the defendant.

*C. P. Kirkland,* for the plaintiff.

*By the Court,* SUTHERLAND, J. The issues to be tried were, 1. The general issue, with notice ; 2. The issue joined upon the defendant's second special plea of a voluntary surrender of the premises by the plaintiff, without suit or lawful eviction. The defendant held the affirmative of the second issue ; and all the plaintiff had to do to sustain the first, was to prove the execution of the defendant's deed with the covenant of warranty. The plea of *non est factum* in covenant or

NEW-YORK,
May, 1833.

Cooper
v.
Watson.

debt on specialty only puts the execution of the deed in issue, and not the breach of covenant or any matter of defence. It admits the breaches assigned and every other material allegation in the declaration, provided the deed itself is proved. 1 *Chitty's Pl.* 482. *Gardner* v. *Gardner,* 10 *Johns. R.* 47. *Dale* v. *Roosevelt,* 9 *Cowen,* 307. *Peake's Ev.* 264, 5, 6, *edition of* 1806, where this rule is very clearly stated as follows : If the declaration (in covenant) contains different averments, and the defendant only plead *non est factum,* the other facts cannot be controverted, nor will the plaintiff be under any necessity of proving them further than may be sufficient to ascertain his damages. *Tidd's Prac.* 593. 6 *Cranch,* 206. The objection, therefore, taken by the defendant upon the trial, that the plaintiff was bound to prove his eviction by the production of the record of judgment and writ of possession, was properly overruled. The state of the pleadings rendered such proof unnecessary.

2. Evidence of title in the defendant at the date of his covenant was properly excluded. He was concluded by the recovery in the ejectment suit against the plaintiff, of which due and seasonable notice was proved to have been given to him, and the defence of which he may be considered as having actually assumed. Although the judge had decided that it was unnecessary for the plaintiff to prove notice of the suit to the defendant, he was right in permitting him subsequently to give such evidence, if the plaintiff thought proper to give it. It is unnecessary to consider whether it was incumbent upon him to give it or not.

3. The evidence offered by the defendant, that the plaintiff accepted a deed for the premises from Gilbert Stewart and gave back a mortgage, and that the judgment and eviction mentioned in the declaration were in consequence of said deed and mortgage, was also properly excluded ; it was offered under the notice, and was clearly inadmissible on the ground of variance. The notice was of a deed from Samuel Dexter to the plaintiff, and a mortgage back to him. There is no allusion whatever in the notice to Gilbert Stewart as Dexter's agent, or in any other manner. The offer of the defendant to prove that he was in fact Dexter's agent, did not remove

NEW-YORK,
May, 1833.

the difficulty. It was not offered to be proved that the plaintiff knew him to be Dexter's agent and dealt with him as such in the transaction. It was also inadmissible on another ground; it was offering to prove the evidence given on the trial of the ejectment suit to show the ground of the recovery. This cannot be done without producing the nisi prius record to shew what the pleadings and issue were.

The same objections would exist to the evidence, if it had been offered under the second special plea. That speaks of Dexter, not of Stewart; and the facts which it states in relation to the ground of the recovery, could not be proved without the production of the record. The motion for a new trial must be denied upon the case.

The plaintiff is also entitled to judgment upon the demurrer to the defendant's rejoinder. It is clearly bad for the special causes assigned.