DENNIS McMAHON, JR., Administrator, &c., *v.* THOMAS E. ALLEN.

Leave will not be granted to file a supplemental complaint which alleges any fact known to the plaintiff at the time of commencing the action.

It is improper to join in one complaint prayers for relief against the defendant individually, and in his capacity as executor.

Leave to file a supplemental complaint will not be granted where the object can be accomplished by amendment.

APPEAL from an order denying a motion for leave to file a supplemental complaint.. This action was brought by Dennis McMahon, jr., as administrator, with the will annexed, of Ruth S. Rathbone. John Harrison was, by the will of Ruth S. Rathbone, appointed her executor. He died, and Dennis McMahon, jr., the plaintiff, was made administrator, with the will annexed. The defendant, Thomas E. Allen, was the agent of John Harrison in his lifetime, and was appointed his executor upon his death. The object of this action was to compel the defendant, as agent of John Harrison, to account for the moneys received by him as such agent, on account of the estate of Ruth S. Rathbone. The defendant, though executor of John Harrison, was not sued as such by the original complaint.

On the trial before the referee, he was of the opinion that it was necessary, in order to procure a final accounting, to bring in the defendant in his capacity as executor; and upon his report to that effect, the plaintiff moved, at special term, for leave to file a supplemental complaint partly for that purpose. The proposed complaint also contained an allegation that, in April, 1850, which was shortly before the commencement of this suit, one Solomon Kipp, who had been trustee for the separate estate of Ruth S. Rathbone, assigned the trust estate to the plaintiff. And it prayed relief against the defendant both as agent and executor of John Harrison, and a final accounting from him in both capacities. The motion was denied at special term, and the plaintiff appealed.

*Dennis McMahon, jr.,* appellant, in person.

I. The defendant was not even entitled to notice of the motion for leave to file a supplemental complaint. If he has any objection, he could defend by answer or demurrer. Such was the old practice. *Pendleton* v. *Fay,* 3 Paige, 206; *Eager* v. *Price,* 2 Paige, 333; *Lawrence* v. *Bolton,* 3 Paige, 294; *Green* v. *Bates,* 7 How. Pr. R. 296. And it is applicable under the Code, being consistent therewith. Code, §§ 468 and 471.

II. Even were the defendant entitled to notice of the motion, he has no right to litigate on the motion the merits of the supplemental bill, such as whether there is any foundation for the original complaint, or whether there will be any foundation for the supplemental bill. Such matters can only be discussed on the final decree upon the original and supplemental bill, and the issues joined on them. *Pendleton* v. *Fay,* 3 Paige, 204; *Lawrence* v. *Bolton,* ibid. 294; *Doolittle* v. *Gookin,* 10 Verm. 265; *Calton* v. *Carlisle,* 5 Madd. R. 427; Welford's Eq. Pl. 188, *et seq.*

III. All the court could inquire on this motion was, is there an apparent necessity for the supplemental bill under section 122 of the Code, taken in connection with sections 173 and 177, and 277 and 273.

IV. That apparent necessity is sufficiently shown by the opinion of the referee, *Butler* v. *Chauvil* (5 Russ. 42), which decision and recommendation was based on the similar action in an analogous case of *Colt* v. *Lasnier* (9 Cowen, 320), and opinion of Betts, Chancellor, on p. 334.

V. No prejudice could accrue to the defendant by adding the party, as the cause must stand or fall by the original bill. On the other hand, it benefits the plaintiff in preventing a circuity of action, and enables the parties in this action to settle the entire controversy in one action. 10 Vermont, 265; *Johnson* v. *Snyder,* 7 How. Pr. R. 395; *Hornfager* v. *Hornfager,* 6 ibid. 13; *Beek* v. *Stephain and others,* 9 ibid. 193.

*Albert Mathews,* for the respondent.

McMahon, jr., v. Allen.

I. The granting or refusing the application to file a supplemental complaint rested in the sound discretion of the judge at special term, and the order made by him is not the subject of appeal. Code, § 177; *Rogers* v. *Hosacks, &c.* 18 Wend. R. 330; *Rogers* v. *Halsey,* ibid. 350; *Lansing* v. *Russel,* 4 Cow. S. T. R. 213; *Delaplaine* v. *Lawrence,* 3 Com. R. 301; *Gray* v. *Fox,* 1 Code R. 334; *Cook* v. *Dickinson,* 5 Sand. 663; *Thompson* v. *Starkweather,* 2 Code R. 41; *St. John* v. *West,* 3 ibid. 85; *Seely* v. *Chittenden,* 10 Barb. R. 303; *Perry* v. *Moore,* 3 Code R. 221; *Bryan* v. *Breenan,* 7 How. Pr. R. 359; *Dean* v. *Empire Mutual Ins. Co.* 9 ibid. 69; *Fitch* v. *Livingstone,* 4 Sand. R. 712; Voorhies' Code, 1855, § 349—note.

II. The gross *laches* of the plaintiff in making this application forbid its being granted. All the facts were known to him before filing his original complaint, except one, and that one was known to him in April, 1853. Code, § 177; *Pendleton* v. *Fay,* 3 Paige, 204; *Rogers* v. *Rogers,* 1 ibid. 424; *Whitmarsh* v. *Campbell,* 2 ibid. 67; *Verplank* v. *Merchants' Ins. Co.,* 1 Edw. 46; *Pendrick* v. *White,* 1 Metcalf R. 67.

III. The proposed supplemental complaint is based upon new facts, upon which (if the plaintiff's theory be correct) a judgment may be had, without reference to the original complaint. The original complaint is wholly defective, and shows no cause of action against the defendant therein. In either case, the plaintiff should commence a new action. *Smith* v. *Edmonds,* X. Leg. Obs. 185; *Milner* v. *Milner,* 2 Edw. N. C. R. 144; *Lloyd* v. *Brewster,* 4 Paige, 538; *Byrne* v. *Byrne,* 2 Dunn. & Warren, 71; *Coleman* v. *McMurde,* 5 Randolph, 51.

When the plaintiff commenced suit he had no cause of action against any person—no executor having been appointed of the will of John Harrison.

IV. To entitle the plaintiff to file a supplemental complaint, it must be in respect *of the same title in the same person,* as stated in the original bill. Here it is totally different. It is a new case. Story's Eq. Pleadings, 339; *Tookin* v. *Lethbridge,* Cooper's Cy. Cases, 43; *Pratt* v. *Bacon,* 10 Pick. R. 222.

V. The claim against the defendant, as executor, is a claim *" against a trustee,"* and cannot be united with a claim against him individually. Code, § 167; *Dix* v. *Backerstone,* 12 Wend. 543.

1. The causes of action are wholly distinct, and the proposed complaint multifarious. *Davoul* v. *Fanning,* 4 John. Cy. R. 199; *Butts* v. *Greening,* 5 Paige, 254; *Murray* v. *Hay,* 1 Barb. Cy. R. 59; *Jackson* v. *Forrest,* 2 ibid. 576; Story's Eq. Pleadings, 274 (a.)

VI. If the supplemental complaint were allowed, it could only be on payment of costs of motion and appeal, and all costs subsequent to issue. *Downer* v. *Thompson,* 6 Hill, 377; *Holmes* v. *Lansing,* 1 John. Chy. Cases, 248; *Teraking* v. *Engel,* 1 How. Pr. R. 5; *Travis* v. *Hadden,* ibid. 57; *Warren* v. *Campbell,* ibid. 61; *Coffing* v. *Tripp,* ibid. 115; *Lignes* v. *Noble,* ibid. 226; *Tomlinson* v. *Wiley,* ibid. 247; *Bank of Chilicothe* v. *Dodge,* 2 Pr. R. 43; *Carvier* v. *Dellay,* 3 Pr. R. 173; *Brown* v. *Babcock,* 3 Pr. R. 305; *People* v. *Holmes,* 5 Wend. R. 191.

BRADY, J.—It would be sufficient, perhaps, to state that the motion, on which the order appealed from was made, was for leave to file a supplemental complaint containing one material allegation at least which was known to the plaintiff when this action was commenced, namely, that he had been made the assignee of the trustee, Solomon Kipp, in the manner and by the authority for that purpose, and to the end set forth in such allegation, which was an objection to the leave sought by the motion. The section of the Code (177) allowing parties litigant, on motion, to make supplemental pleadings, applies only where the facts occur *after* the former pleading, or where the party *was ignorant of them* when such former pleading was made. *Houghton* v. *Skinner,* 5 How. Pr. R. 420.

There is, however, another objection to such complaint, and that is, that it prays relief against the defendant in his individual capacity and as executor of John Harrison, deceased; not in express terms, it is true, but in language sufficiently broad for that

purpose, praying as it does " that this court may settle the *whole controversy now subsisting between the plaintiff and the defendant*," and that, too, after an allegation, which is new, that the defendant, since the commencement of this action, became such executor. There is no doubt that this action cannot be maintained. against the defendant individually and as an executor. " His rights," as said by Judge Woodruff, " in these separate characters are distinct, and his relations to this plaintiff, as well as to those who are interested in the estate of his testator, are distinct." Besides this, the judgment would be different in many respects, and the rule as to costs dependent not on the plaintiff's success alone, which would follow if the defendant were sued as an individual, but on the conduct of the defendant, or on reference to the special circumstances contemplated by the statute relative to that subject.

Again, it seems to have been the well settled rule in equity, that leave to file a supplemental complaint was never granted where the object could be accomplished by amendment. 1 Vol. Hoff. Ch. Pr. 393; 1 Smith's Ch. Pr. 526; Mitford's Pl. 60. And, in courts of common law jurisdiction, the defect of a pleading was always cured by amendment, when the amendment was proper and allowable.

The allegation of the plaintiff's character, derived from the assignment by Kipp, is a fact which was known, as stated, when this action was commenced, and would have formed the subject of amendment under either of the old systems, but could not have been averred by way of supplemental bill in equity.

It is not necessary to consider the various questions involved in the points submitted on the appeal, the objections already stated to the relief asked by the motion being sufficient to sustain the order of Judge Woodruff, and that order must be affirmed, with $10 costs.

Order affirmed.