STALCUP, Plaintiff in Error, v. GARNER, Defendant in Error.

1. Where, in a suit against A. and B., a cause of action against A. alone is joined with a cause of action against B., the petition is multifarious. A demurrer will lie to such petition.

2. Where, in a suit instituted by C. against A. and B., the petition sets forth that A. conveyed a certain tract of land to B. and by mistake misdescribed the same; that B. conveyed the same tract to C. and also by mistake misdescribed the same, and there is a prayer for the reformation of both deeds; *held*, that the petition is multifarious.

### Error to Monroe Circuit Court.

This was a suit instituted by John Stalcup against William Garner, John M. Garner and others. The petition sets forth substantially that William Garner, being seized of the S.E. $\frac{1}{4}$ of the N.W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S.W. $\frac{1}{4}$ of section 32, in township 56, &c., conveyed the same to one Duncan in trust for his (Garner's) children, of whom John M. Garner was one; that the deed by mistake misdescribed the said tracts intended to be conveyed, locating them in section 35—in which the said Wm. Garner owned no land—and not in section 32; that said John M. Garner, being of age, conveyed to the plaintiff, Stalcup, his undivided interest in said tracts, but by mistake the description contained in the deed failed to embrace a portion of the land intended to be conveyed; that Duncan abandoned the trust, &c. The petition prayed a reformation of both deeds, and a decree of title in plaintiff.

A demurrer to this petition was sustained.

*Carr*, for plaintiff in error.

I. John M. Garner could have instituted a suit previous to his conveyance to plaintiff for the correction of the mistake in the deed of Wm. Garner. By the conveyance of John M. Garner this right passed to plaintiff. The petition is not multifarious. (Farrar v. Patton, 20 Mo. 81; Temple v. Price, 24 Mo. 288; Brinkerhoff v. Brown, 6 Johns. Chan. 133; Dix v. Briggs, 9 Paige, 595; Watson v. Cox, 1 Ired. Eq. 389; Robertson v. Stephens, 1 Ired. 249; 2 Dev. & Bat. Eq. 31.)

RICHARDSON, Judge, delivered the opinion of the court.

In many cases the transactions mentioned in a bill are so interwoven, and the settlement of one is so dependent on the closing or adjustment of another, that justice can not be administered without uniting in one suit all the parties interested in the principal matter of controversy; and as was observed in Campbell v. Mackay, 1 Myl. & Cr. 603, Gaines v. Relf, 2 How. 642, and Oliver v. Piatt, 3 How. 412, it is impracticable to lay down any general rule as to what constitutes multifariousness as an abstract proposition, but each case must be determined by its own circumstances. There are however, in equity pleading, certain general rules which are well defined, though sometimes it may be difficult to apply them on account of the intricacy of the facts.

There are two kinds of multifariousness; *first*, where several distinct claims against the same defendant are combined in one suit, which is called a misjoinder of claims; *secondly*, "where different matters, having no connection with each other, are joined in a bill against several defendants, a part of whom have no interest in or connection with some of the distinct matters for which the suit is brought; so that such defendants are put to the unnecessary trouble and expense of answering and litigating matters, stated in the bill, in which they are not interested and with which they have no connection." (Adams' Eq. 310; Newland v. Rogers, 3 Barb. Ch. R. 434.)

The rules of pleading either in proceedings in equity or in actions at law do not now, as such, prevail in this state, but they serve to illustrate the proper construction of the present code ; and it is worthy of observation that the legislature, in presenting the new system of practice, has justly regarded many of the provisions of the old, and has incorporated many of its rules, which are founded on principle, into the new code. It is not now an objection that several causes of action against the same defendant are united in one suit, provided they are of the character indicated in section 2, article 6, of the practice act of 1855 ; but the causes so united "must be separately stated," and they " must affect *all* the parties to the action." And it has been decided in New York, under a statute in the words of ours, that causes of action, to be joined, must be in favor of *all* the plaintiffs and against *all* the defendants. (Enos v. Thomas, 4 How. Prac. 48 ; Wells v. Jewitt, 11 id. 242.)

The fifth subdivision of the sixth section, which prescribes the cases in which a defendant may demur, assigns as a ground " that several causes of action have been improperly united ;" and, whether the scope of this cause of demurrer will extend to the objection of not separately stating causes of action that may be united in one complaint if properly stated, it is manifest that it was intended to reach a petition which contains causes of action not embraced in the classification enumerated in the second section, or that includes defendants who may be interested in some of the causes of action, but not in all.

If a plaintiff has several demands against one defendant, arising for example on accounts and notes, he may include them all in one suit, but they must be stated separately in different counts. But suppose A. has a note against B. and also against B. and C., he can not declare on both notes in the same suit if he makes C. a party, because the latter is not required to stand in court and suffer the delay, inconvenience or expense of the litigation touching the note with which he has no concern.

This petition contains two causes of action; *first*, the mistake sought to be corrected in the description of the deed from William Garner to Duncan in trust for his children; and, *secondly*, the mistake in the deed from John M. Garner to the plaintiff. If the two were not blended but were separately stated as the law requires, it would be very apparent that, although all the defendants were properly joined as to the first count, none of them but John M. Garner had any interest in or connection with the cause of action in the second. The mistake in the second deed has no connection with the mistake in the first, and did not in any way conduce to it; and the mistake in the second deed did not even occur in following the misdescription in the first; for it locates the land in the right section, township and range, and the error is in a matter not common to both deeds. Assuming that there was a mistake in the first deed, what interest had the other defendants in the controversy between the plaintiff and John M. Garner growing out of the mistake in the second deed? It was competent for John M. Garner to correct the mistake in the conveyance he had made by voluntarily executing another deed, which would have operated to substitute the plaintiffs in his right to demand by suit against the other defendants the correction of the mistake in the deed of William Garner; but he did not do so, and, because it became necessary for the plaintiff to sue him, there was no propriety in joining the other defendants who had no interest in that controversy. John M. Garner may have no defence, or he may deny that there was any mistake, or insist that it has been corrected, or that the contract has been rescinded; and whilst this litigation is pending there can be no reason for compelling the other defendants to wait in court for the trial of a question, in which they have an interest, until a question is settled in which they have no interest.

The petition is multifarious, and this objection can be taken under the code, (17 Mo. 231; 20 Mo. 229,) and is embraced by the fifth clause of the sixth section of the practice act of 1855. The judgment is affirmed, the other judges concurring.