# SUPREME COURT.

JOHN W. WARTH agt. WILLIAM RADDE, and others.

An action by a *shareholder of an unincorporated joint stock company* against a
defendant as the president and treasurer of the company, to compel an account-
ing of the whole property, and an investigation into its whole affairs and busi-
ness, cannot be sustained without making all the shareholders parties; or unless
commenced by the plaintiff for the benefit of all others standing in the same
situation, as well as for himself.

A cause of action against a defendant, under a contract made by him individually,
for a specific sum of money, cannot be joined with a cause of action against him
as the president or trustee of an association.

Neither can the claim against the defendant alone, be united with causes of action
against him and others jointly. The causes of action must not only all belong
to one of the enumerated classes under section 167, but all must affect all the
parties to it.

*New York Special Term, January,* 1865.
DEMURRER to complaint.

A. R. DYETT, *for plaintiff.*
E. F. HALL, *for defendants.*

CLERKE, J.   This is an action, first, against Radde in his
individual capacity, under a contract made by him with
the plaintiff and one Miller, by which he agreed to pay
each of them, severally, on the sale of certain lands which
he had recently purchased, twelve and a half cents for
every acre which he should sell; second that he should
account for all the lands, moneys, &c., of the Pennsylvania
Land and Farm Association, which had come into his hands
or under his control, the plaintiff being one of the share-
holders, and that the value of plaintiff's two shares be
ascertained and paid out of the property and effects of the
association.

The complaint also prays that the defendant, the Potter
County Forest Improvement Company, account for all the
property of the land association which has come under its

control, and alleging that Radde, the said company, and the defendant in person, are acting in collusion to defraud the shareholders. It prays that they be enjoined from disposing of or intermeddling with the property of the land association. This recital is sufficient to show that this action in its present shape, cannot be maintained. If it were an action brought by a stranger against this unincorporated association for some claim against it, there would be no necessity to make the shareholders defendants, as it is shown that the association consists of more than seven persons, and Radde is sued as president and treasurer of it, as well as in his individual capacity. But as we have seen, the action is commenced to compel an accounting of the whole property, and investigation into the whole affairs and business of the association. It is besides an action for a fraudulent breach of trust against a person having the whole management and control of its property and effects. All the shareholders, therefore, should be made parties, or the action should be commenced by the plaintiff for the benefit of all others standing in the same situation, as well as for himself. If such is necessary in an action of this nature against an incorporate association (*Cunningham* agt. *Pell*, 5 *Paige*, 407), it is still more necessary in an action against one that is not incorporated (§ 119, *Code*).

The second cause of action is against Radde, under a contract made by him in his individual capacity, for a specified sum of money. This cannot be joined with causes of action against him as the president or trustee of the association (§ 167, *Code*). Moreover, this claim against Radde alone is united with causes of action against him and others jointly. The causes of action must not only all belong to one of the enumerated classes under section 167, but all must affect all the parties to it. To employ the language of the court in *Enos* agt. *Thomas* (4 *How.* 48), "the causes of action to be joined must be in favor of all

the plaintiffs, and against all the defendants, and must belong to the same class."

Judgment for the defendant Radde, with costs, unless the plaintiff amend his complaint within twenty days, and pay costs of term.