Robinson, J.
If I had any doubt on the question presented, which I have not, the case of Christy v. Libby, in 5 Abb. Pr. N. S., 192 controls. Demurrer overruled, with leave to answer on usual terms.
Defendant appealed.
W. McPermot, for defendant, appellant.—I. The complaint sets out two separate causes of action ; one *140 against the defendant, as administratrix, and one against the defendant personally. 1. As to the cause of action against the defendant as administratrix : The complaint alleges that plaintiff remitted to Israel Stone, in his lifetime, about ten thousand dollars in cash, and that said Israel Stone received about eighty thousand dollars, and that at the time of his .death there was thirty-five thousand dollars unexpended in his hands. The complaint does not state that this money ever came into defendant’s possession ; therefore the claim against her for that amount must be against her as administratrix, and not individually. The complaint also alleges a presentation to the defendant, as administratrix., of a claim for the money due from tíre intestate at the time of his death, and demands judgment against the defendant, as administratrix, for thirty-five thousand dollars. 2. As to the cause of action against the defendant individually. The complaint aEeges that the defendant has become possessed of .twelve thousand one hundred and eighty-eight dollars and fifteen cents, and of certain books and papers belonging to plaintiff, and demands judgment against her, individually, for the twelve thousand one hundred- and eighty-eight dollars and fifteen cents, and for possession of the books. The plaintiff claims this to be an equitable action against the defendant to recover money and property belonging to him, which have come into possession of defendant, but the answer to this is, that the complaint aEeges a cause of action for money, which did not come into defendant’s possession, but for which he demands judgment against the estate of Israel Stone. In an action against the defendant to recover money or property belonging to plaintiff, which came into her possession, it was not necessary to make her, as administratrix, a party. If she claimed to hold the money and property as administratrix, she would have to set up such claim in her answer. It is *141 improper to join in one complaint prayers for relief against the defendant individually, and in his capacity as executor (McMahon v. Allen, 1 Hilt., 103. Lucas v. New York Central R. R. Co., 21 Barb., 245; Warth v. Radde, 18 Abb. Pr., 396 ; Wiltsie v. Beardsley, Hill. & D., 186). By section 167 of the Code, subdivision 7, several causes of action may bé united against a trustee, by virtue of a contract or by operation of law.
Amos G. Hull, for plaintiff, respondent.—I. The complaint is • authorized by section 167 of the Code. Legal and equitable relief may be adjudged under one complaint (Phillips v. Gorham, 17 N. Y., 274). The burden of this complaint is against the defendant for taking the property and all muniments of title, and appropriating it to her own use, knowing it to be plaintiff’s. She admits that knowledge by the demurrer. Fow, if an answer should be put in, how many acts in this drama she will claim, on the trial to have done in her individual capacity, and how many in her capacity as administratrix, it is impossible to determine until a trial shall be had. Should we sue her as administratrix alone, she might answer : here is the property, this is all that has come into my possession as administratrix, a few hundred dollars. We ask for the books, papers, documents, and other moneys that came into her hands from this deceased agent of ours, and she replies they are mine, they were transferred to me individually; the estate has nothing to do with them. We could not go beyond the scope of our complaint in examining her, and the ends of justice would be defeated. Hence we make our complaint broad enough to examine her individually, and ask relief against her individually, as well as against her as administratrix. But suppose we had sued her individually, she would have had a right to come in and say that the estate should be joined. She no doubt would say the plaintiff’s agent has died *142 without having accounted, and I, his administratrix, have taken possession of all the effects found in the possession of the intestate. Perhaps some of this property is the plaintiff’s, and some belongs to the estate of the agent. I am unable to distinguish his from the plaintiff’s. Let the plaintiff make the estate also a party, and then I shall be in a position to answer. This she would have a right to say, as we contend. That proposition being conceded, and the demurrer cannot be sustained. Again, suppose “A” dies without children, leaving a widow and real estate and a will devising certain personal property to the widow on condition that she releases her dower in the real estate; the balance, including the real estate, is devised to a nephew in trust, and the widow is appointed executrix and trustee under the will. She . executes the release of dower and delivers it, but before it is recorded she borrows the release under some plausible pretext, and refuses to return it. She commences squandering the trust estate and committing waste on the real estate. The period has arrived in which the cestui que trust is entitled to the estate. He files his bill in equity to restrain the widow from committing waste, and for an accounting ; and in the same bill he asks a decree that the widow be directed to return the release of dower, to the end that it might be recorded and the cloud removed from the title to the estate. Would any good lawyer contend that such a bill' would be obnoxious to the charge of multifariousness % I think not. If such a bill could be maintained, much more can this. Such a bill has been maintained. Every particle of relief we ask grows out of one transaction, namely, the agency of the deceased, in having the custody and control of the plaintiff’s property while abroad, and the defendant’s sales, and illegal interference therewith by the defendant under the claim of being administratrix of the estate. As bearing on *143 the question, although not precisely in point, I cite Newland v. Champion, 1 Ves., 106; Doran v. Simpson, 4 Id., 651; Beufuld v. Saloman, 9 Id., 86.
II. This question has been substantially adjudged at a general term of this court (Christy v. Libby, 5 Abb. Pr. N. S.,192.)
By the Court.—J. F. Daly, J.
There is but one cause of action stated in the complaint. It is against theadministratrix of the plaintiff’s deceased agent, and it is brought to obtain an accounting to obtain certain stock, books and papers, the property of plaintiff, judgment for the amount found due plaintiff on the accounting, and to recover the sum of twelve thousand one hundred and eighty-eight dollars and fifteen cents, money of plaintiff deposited by deceased, in his bank, and which with the above property and other moneys have been taken by the administratrix. She is made a defendant individually, because she claims some inters est in the subject matter of the action,—i. e., claims to have acted individually in taking possession of certain, of the property,—and as this action is equitable in its nature it is proper that the rights and claims should be-settled in it. This complaint is less open to criticism than that in Christy v. Libby (5 Abb. Pr. N. S., 192), sustained by the general term of this court on appeal, from an order overruling a demurrer to it.
The particular point discussed on the argument in the case is not treated in the opinion of that general term ; but one of the grounds of demurrer there, was that two causes of action had been improperly joined, one against the defendant as collector for an accounting, and the other against him individually for neglect. and mismanagement of the estate of which he was col- ■ lector.
The case at bar differs from McMahon v. Allen (1 Hilt., 103) ; Worth v. Radde (18 Abb. Pr., 396), and.. *144 Wiltsie v. Beardsley (H. & D. Sup., 186), because there are not two causes of action set forth in the complaint. Any bill in equity might be the subject of demurrer where several claimants to,a fund are joined as defendants to obtain judicial determination of their rights if the demurrer here could be maintained.
Charles P. Daly, Ch. J., and Loew, J., concurred.
Order appealed from affirmed.