AUSTIN G. DAY *against* HARRIET A. STONE, INDIVIDUALLY
AND AS ADMINISTRATRIX OF ISRAEL STONE, DECEASED.

A complaint, seeking an accounting from the administratrix of the plaintiff's de-
ceased agent, and asking for judgment for the amount found due plaintiff on
the accounting, and to recover certain bonds, stocks, &c., and particular moneys
taken possession of by the administratrix, states but one cause of action, and
if the administratrix claims a personal interest in any of the property, she may
be made a defendant in her individual capacity.

APPEAL by defendant from an order overruling a demurrer
to the complaint for misjoinder of causes of action and of
parties.

The facts are stated in the opinion.

J. F. DALY, J.—There is but one cause of action stated in
the complaint ; it is against the administratrix of the plaintiff's
deceased agent, and it is brought to obtain an accounting, to
obtain certain stock, books and papers, the property of plaintiff,
to recover the amount found due plaintiff on the accounting,
and the sum of $12,188 15, money of plaintiff, deposited by
the deceased in his bank, and which with the above property
and other moneys have been taken by the administratrix.  She
is made a defendant individually because she claims some in-
terest in the subject-matter of the action—*i. e.*, claims to have
acted individually in taking possession of certain of the prop-
erty, and as this action is equitable in its nature, it is proper
that her rights and claims should be settled in it.  This com-
plaint is less open to criticism than that in *Christy* v. *Libby* (5
Abb. Pr. [N. S.] 192), sustained by the general term of this
court on appeal from an order overruling a demurrer to it.
The particular point discussed on the argument in this case is
not treated in the opinion of that general term, but one of
the grounds of demurrer there was that two causes of action
had been improperly joined—one against the defendant as col-
lector for an accounting, and the other against him individually
for neglect and mismanagement of the estate of which he was
collector.  The case at bar differs from *McMahon* v. *Allen* (1

Hilt. 103) ; *Warth* v. *Radde* (18 Abb. Pr. 396), and *Wiltsie* v. *Beardsley* (Hill & D. Supp. 386), because there are not two causes of action set forth in the complaint. Any bill in equity might be the subject of demurrer where several claimants to a fund are joined as defendants to obtain judicial determination of their rights, if the demurrer here could be maintained.

The order appealed from should be affirmed.

DALY, Ch. J. and LOEW, J., concurred.

The order should be affirmed.