JOHN H. BOBB ET AL., Appellants, *v.* CHARLES BOBB ET
AL., Respondents.

January 27, 1880.

A bill in equity which seeks to charge several defendants with fraud is multi-
farious, where it does not appear from the allegations of the bill that the
defendants were all parties to one scheme of fraud, or have a common
interest in the general or principal point in issue.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

H. A. & C. A. CLOVER, and HITCHCOCK, LUBKE &
PLAYER, for the appellants : A bill by creditors against
executor and heir, and several distinct purchasers of distinct
parts of testator's real estate, for account and performance

of agreement, held not multifarious. — 5 Mad. 144, note *b;* Barb. on Parties, 349. And several judgment-creditors, holding different judgments, may unite in filing a creditors' bill to reach the equitable interests and choses in action of the debtor, or to obtain the aid of the court to enforce their liens at law. — 1 Barb. Ch. 154; 1 Paige, 637; 3 Paige, 320; 4 Paige, 23; 6 Johns. Ch. 151; 12 Barb. 27. A bill is not multifarious where the interests and liability of the defendants are separate, but grow out of or relate to a common subject-matter. — *Woodward* v. *Hall,* 2 Tenn. Ch. 166; *Fogg* v. *Rogers,* 2 Coldw. 290, 296; *Johnson* v. *Brown,* 2 Humph. 327; *Hammond* v. *Hudson County,* 20 Barb. 278; *Waller* v. *Shannon,* 53 Miss. 500; *Barclay* v. *Plant,* 50 Ala. 509; *McGowan* v. *McGowan,* 48 Miss. 265. The whole question has been most learnedly examined and adjudged by the Supreme Court of the United States in the noted case of Mrs. Gaines, 2 How. (U. S.) 619, 641, 642. The English cases are referred to. — *Campbell* v. *Mackey,* 7 Sim. 564; 1 Myl. & Cr. 603; *Attorney-General* v. *Craddock,* 3 Myl. & Cr. 85; 7 Sim. 241, 264.

Jeff. Chandler, for the respondents: Where the subject-matter of the litigation is composed of distinct objects, in all of which there is no common interest in the plaintiff, the bill is multifarious. — *Stalcup* v. *Garner,* 26 Mo. 72; *Bobb* v. *Woodward,* 42 Mo. 482; *Jones* v. *Paul,* 9 Mo. 295; *Doan* v. *Holly,* 25 Mo. 357; *Robinson* v. *Rice,* 20 Mo. 229.

Hayden, J., delivered the opinion of the court.

This is a petition, in the nature of a creditors' bill, to subject a large number of distinct pieces of property, many of which are described as encumbered by deeds of trust, to the plaintiffs' judgment, the prayer being that the lands may be adjudged to be the property of the debtor, Charles Bobb, free from the lien of the deeds of trust, which are

alleged to have been made in fraud of creditors, and from any claim on the part of the parties in whose names the debtor has caused the property to be placed. There was a demurrer to the bill for multifariousness and other grounds, and judgment upon the demurrer; and from this the plaintiffs have appealed.

There are twenty parties defendant; and while the conveyances made to all have a common source of title in Charles Bobb, who, it is alleged, has long endeavored, by means of falsely making and receiving conveyances, to hinder, delay, and defraud his creditors, yet it is admitted that the grantees have no interests in common. The conveyances are separate; they were made at different times; and the defendants are beneficiaries' trustees, indiscriminately joined as defendants.

Tried even by the test of the cases relied on by the appellants, this bill must be pronounced multifarious. The rule, as admitted in those cases is, that persons otherwise unconnected may be joined as defendants where there is a common interest among them all, centring in the point in issue in the cause. *Fellows* v. *Fellows*, 4 Cow. 701. The difficulty is in the application of the rule; but a brief reference to the principal cases cited by the appellants will show how it has been applied. In *Bank of America* v. *Pollock*, 4 Edw. Ch. 215, although the defendants held distinct moieties of the stock sought to be subjected to the plaintiffs' demand, they acquired the stock through one and the same fraudulent contrivance; and here the point in issue centred. In *Hammond* v. *Hudson, etc., Co.*, 20 Barb. 378, the property came into the hands of both defendants under the same fraudulent assignment and judgment, which, it was averred, were made and procured to defraud creditors.

In *Fellows* v. *Fellows*, *supra*, relied on as a leading case, it is to be observed that, apart from the combination and agreement to act in concert, which the defendants denied, the bill confessed, in the opinion of the judges, that the defendants had knowledge of the determination and plan of

the debtor, as charged, to fraudulently transfer all of his property. Thus the chancellor says : "From the allegations of the bill, from the relations of those defendants to each other, and from the course and nature of these transactions, it sufficiently appears, and may be taken as a fact, that each of these defendants had knowledge of the conveyances to the other defendants, and of the fraudulent object of all the conveyances. In this respect all the defendants were privy to a scheme of fraud, of which the consummation consisted in separate conveyances of separate parts of the property." 4 Cow. 688. See also pp. 696, 697, 703. The transaction was pronounced to be one transaction, in which all the defendants participated, the transfers being made at the same time, and to the debtor's sons and son-in-law, by virtue of one arrangement. The evidence in relation to each defendant, it was said, must be substantially the same. The case of *Boyd* v. *Hoyt*, 5 Paige Ch. 65, appears to be decided largely on the authority of *Fellows* v. *Fellows*, but goes distinctly beyond that case, and is perhaps the only authority cited by the appellants which sustains their position. This decision appears to lose sight of the peculiar facts, dwelt upon by the judges in *Fellows* v. *Fellows*, which bring that case within the principles asserted alike by the English and American authorities, and to be based upon the difficulty of laying down any fixed rules. But this difficulty of expressing rules that will cover all cases certainly ought not to lead, as it would appear sometimes to have led, to assertions that it is impossible to derive any guidance from fixed principles. The principle that it is not sufficient that the defendants are all concerned in some general charge, such as fraud on the part of the debtor, or that as grantees of distinct properties by distinct conveyances they obtained title through him, but that all the defendants should at least have an interest in the principal point in issue in the case, is surely of some value as a general test. In cases like the present it would be decisive. Here there is no material issue in which all the defendants

have a common interest, and consequently no tie to make them defendants in one suit. A decision in regard to the issues between the plaintiffs and defendant A. would decide nothing as to the issues raised as to B. and the property in his hands. There would be no general issue affecting all. Consequently the evidence affecting the issues as to A. would have no bearing on the question of the conveyance to B., or the matter of the deed of trust in which C. was a party. Under pretence of trying one case, the court would proceed to try as many cases, perhaps not as there are defendants, but as there are conveyances described in the bill. It is obvious that, merely from convenience to plaintiffs, the defendants ought not to be put to the trouble and expense of litigating matters with which they are unconnected. Though the demurrer admits the facts well pleaded, it is not to be assumed that there was a fraudulent combination among the defendants, in order to make them proper parties to the bill.

Under the Practice Act of this State, and in the view of the question which has been taken by the Supreme Court, it can hardly be contended that the bill is not multifarious. See *Stalcup* v. *Garner*, 26 Mo. 72 ; *Doan* v. *Holly*, 25 Mo. 359 ; *Robinson* v. *Rice*, 20 Mo. 234 ; *Jones* v. *Paul*, 9 Mo. 293.

The judgment is affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.