MARGARET CORNWALL, APPELLANT, *v.* JOHN CORNWALL, RESPONDENT.

*Action for a separation — acts of cruelty committed after its commencement may be set up in a supplemental complaint — the truth of the allegations cannot be determined upon the hearing of the motion.*

In an action for a separation from bed and board the plaintiff may be allowed to file a supplemental complaint setting forth acts of cruel and inhuman treatment, alleged to have been committed by the defendant since the time of the commencement of the action. They are admissible to give color to and to explain other matters put in issue by the plaintiff.

The truth or falsity of the allegations contained in the supplemental complaint cannot be determined upon the hearing of the motion for leave to serve it.

Appeal from an order denying a motion for leave to fill a supplemental complaint in an action for a divorce a *mensa et thoro.* The action was begun September 15, 1882, by the service of a summons, but the complaint was not served until November 24, 1882.

The plaintiff sought to have inserted in a supplemental complaint, matters occurring in September 26, 1882 ; matters occurring in December, 1882, and matters occurring in January, 1883. They were denied and explained in opposing affidavits. February, 1883, an order was made directing a settlement of the issues. In April, 1883, the order appealed from was made.

*Angus McDonald,* for the appellant.

*W. E. Edmonds* and *J. H. Stebbins,* for the respondent.

Hardin, J. :

Whether the allegations made in the proposed supplemental complaint are true or false, ought not to be determined on affidavits and upon hearing the motion for leave to serve such a complaint, nor whether they constitute an independent cause of action. (*Mitchell* v. *Allen,* 25 Hun, 543 ; *Deutsche Nat. Bank* v. *Sonnerborn,* 6 W. Dig., 153 ; *Kennedy* v. *Kennedy,* 73 N. Y., 369–374.)

But the matters occurring September 26, 1882, before the original complaint was served, and known to the plaintiff, as they were, do not furnish a sufficient foundation for the motion. By omitting them from the complaint, the plaintiff must be deemed to have waived his right to present them in his pleadings in this action. (*McMahon* v. *Allen,* 3 Abb., 89 ; S. C., 1 Hilt., 103 ; *Houghton* v. *Skinner,* 5 How., 420.)

The matters occurring in December, 1882, and January, 1883, arose after the service of the complaint, and it seems proper that they should be alleged, as they may reflect upon the other matters put in issue by the pleadings. (2 Bishop on Divorce, § 652, p. 657.) Demeanor subsequent to suit brought was allowed in England. (2 Bishop, § 663.) Mr. B. says : " Plainly the facts alleged and existing at the time of suit brought, must be *the ground* of the proceeding, *yet* it is not easy to see why they may not receive color as well from what has happened since, as from what took place before." (2 Bishop, § 657.) Before determining

what decree should be pronounced, it may be proper for the court to consider the matters we have alluded to, and it cannot injure the defendant to have them alleged, and thus an opportunity given him to meet them at the trial. Indeed, it would seem to be more conducive to his rights and more to his advantage, that they be brought before the court under appropriate averments, than that they should be received under the general averments of the original complaint, as giving color to the specific acts and matters contained therein. Mr. Bishop says, in section 652, volume 2, that under general allegations in the complaint, "the court will look into the general conduct of the defendant toward the plaintiff, for the purpose of understanding more fully the particular circumstances complained of, and the true relations existing between the parties." (See *Whispell* v. *Whispell*, 4 Barb., 217.)

As the supplemental complaint does not propose a new and substantial cause of action, the application is wholly unlike the one made in *Milner* v. *Milner* (2 Edw. Ch., 114), where the complaint sought to set up acts of adultery committed after the original bill was filed.

We see nothing in *Prouty* v. *Lake Shore Railroad Company* (85 N. Y., 292) adverse to the appellant. There the court sanctioned an order bringing in a third party who had become interested in the litigation. The court had ample power, under section 544 of the Code of Civil Procedure, to allow the supplemental complaint, "either in addition to or in place of the former pleadings." And section 1764 provides that a complaint in cases like this "must specify particularly the nature and circumstances of the defendant's misconduct, and must set forth the time and place of each act complained of with reasonable certainty." We think the motion was made sufficiently prompt, and that it ought not to have been denied for laches. Indeed we see nothing in the papers indicating that its denial was put upon that ground. The order should be reversed and the plaintiff allowed to renew her application at the Special Term.

Order reversed, with ten dollars costs and disbursements, **and** plaintiff granted leave to renew her motion at Special **Term.**

SMITH, P. J., and BARKER, J, concurred.

So ordered.