By the Court. White, J.
—This action was commenced in December, 1857, to recover the amount of two promissory notes held by the plaintiff, one for the sum of one thousand dollars, and the other for eight hundred dollars. The notes were made by the defendants, Childs and Dougherty, who were partners, and were dated in January, 1857, and made payable on demand. They were duly indorsed by the two other defendants, Arnoux and Durand, and delivered to the plaintiff.
The relief demanded in the complaint was a judgment for eighteen hundred dollars, with .interest from January, 1857. The defendants, Arnoux and Durand, answered and alleged as a defense, that the plaintiff had been guilty of laches, and had not presented the notes, and demanded payment of the makers, when he was required and ought to have done so.
On July 1st, 1858, the parties to the action came to an arrangement, and made an agreement in writing, setting forth that the defendants, Arnoux and Durand, had withdrawn their answer, and had given to the plaintiff an offer in writing, allowing him to take judgment for nineteen hundred and seventy-three dollars and sixty cents, without costs; and further, setting forth that the plaintiff had accepted nine promissory notes made by the defendant Childs, to the order of the plaintiff, each note being for the sum of two hundred dollars, and dated May 24th, 1858. The notes came due respectively at successive intervals of three months; the first one falling due twelve months *662 from May 24th, 1858, and the others falling due thereafter in succession, one every three months.
The plaintiff stipulated in the agreement referred to, that he would suspend proceedings, and would not enter judgment in the action upon the defendants’ offer in writing, until default was made in the payment of some one of said nine notes, and until the same remained unpaid for the space of sixty days after it fell due; and he covenanted that upon the payment of said nine notes at maturity, or within the said sixty days after maturity, he would release and discharge the defendants, Childs, Arnoux and Durand, from all claims and demands in said action; and it was stated in said agreement that the defendants, Childs, Arnoux and Durand, relinquished all right to interpose any defense whatever to said action. The defendants’ withdrawal of their answer, and offer to allow judgment to be taken against them, is in these words:
“ Title of action. Please take notice, that the above named defendants,-Henry H. Childs, Seneca Durand and Anthony Arnoux, hereby severally withdraw the answers by-them made in the above entitled cause, copies of whichl have been heretofore served upon you, and the said defendants hereby offer to allow judgment to be taken against them for the sum of one thousand nine hundred and sixty-three dollars and sixty cents, without costs, this offer being subject to the covenant for a stay of proceedings,, entered into between the parties hereto.
“Dated July 1, 1858.
“Yours, &c.
‘WM. HENRY ARNOUX,
“ Attorney for said Defendants.
“To Taggard & Pinckney,-Esqrs.,

“ Attorneys for Plaintiff.

The three first of the nine compromise notes were paid. The fourth note matured on February 27,1860, and was not paid. The defendant Childs, the maker of the note, alleges in his affidavit, that when the sixty days next after the' maturity of this note'’ were about to expire, he looked *663 for the note for two days, but could not find it, and he intimates that the plaintiff kept it designedly out of his reach. This intimation is not contradicted by the plaintiff’s affidavit; but it does not appear that the defendant had, at any time before the expiration of the sixty days next succeeding its maturity, made inquiry of the plaintiff respecting the note.
On May 1st, 1860, the plaintiff, upon filing the above mentioned offer and acceptance, and a copy of the written agreement respecting the nine compromise notes, entered judgment against the defendants for the sum of one thousand six hundred dollars and eighty cents, and issued execution, which was levied on the property of the defendant Arnoux.
On May 3d, 1860, the defendants gave notice of a motion to set aside the judgment, and to compel the plaintiffs to accept payment of the fourth note. That motion was argued, and denied in June, 1860.
On July 26th, 1860, the defendants tendered to the plaintiff the whole amount of the remaining unpaid notes of the nine compromise notes; which tender the plaintiff refused to accept. Thereupon, the defendants again moved in October, 1860, to set aside the judgment, alleging, as an irregularity, that it was entered for more than was due on the nine compromise notes. The motion was denied, and from the order denying it, the present appeal has been taken.
The offer of the defendants,, upon which the plaintiff entered judgment in this action, is not within the 385th section of the Code. That section prescribes an unconditional, unqualified offer, upon which the clerk can enter judgment without further proof or inquiry. In this case the offer was made expressly subject to the provisions of another instrument or agreement, and dependent upon the question whether or not" a default had been made in the payment of certain promissory notes other than those mentioned in the complaint; matters which could only be determined by testimony, by judicial action, which the *664 clerk, a mere ministerial officer, could not take. The judgment is therefore not irregular only, but void, and should be vacated.
A preliminary objection to this motion was made by the plaintiff on the argument of the appeal, on the ground that a former motion (the motion of June, 1860, above referred to,) had been made by the defendants, to vacate the judgment in question, and had been denied, and that leave to renew the motion had not been given. It appears by the order appealed from that this preliminary objection if made at the special term was waived, and that the motion was heard on its merits. It cannot, therefore, be urged now on the appeal.
The order appealed from must, therefore, be reversed, and the judgment in the action and the execution issued on it be vacated and set aside, provided the defendants stipulate not to sue the sheriff for the levy made by him under the execution.
Neither party will be allowed costs on the original motion, or on the appeal.
Ordered accordingly.