THOMAS A. DAVIES, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

While a municipal corporation is not bound by the unauthorized act of an individual, it may so deal with third persons as to justify them in assuming the existence of authority in another, which in fact had never been given.

Plaintiff leased to the board of supervisors of the county of New York chambers for the use of the recorder, for one year, from May 1, 1872, the rent payable quarterly; that officer continued to occupy them until about July 1, 1877; the key was not delivered up, and plaintiff did not resume possession until after May 1, 1878. In December, 1876, by resolution of the common council of the city, rooms were assigned to the recorder in the city building, but they were not ready for occupation until about August 1, 1877. In an action to recover rent for the year ending May 1, 1878, *held,* that it was the duty of the city, if it desired to terminate the lease, to surrender possession, or at least to notify plaintiff, before the commencement of a new year, that the tenancy would not continue, and plaintiff had the right to assume, in the absence of notice, that the continuance in possession after May 1, 1877, was by authority of defendant, and to treat it as a renewal of the lease for another year; but, *held,* that as in a former action, in which plaintiff claimed, in his complaint, to recover rent to December 1, 1877, defendant had offered judgment for the rent up to May 1, 1877, which had been accepted and judgment entered thereon, said judgment was a bar to the recovery for the portion of the year embraced in the former action.

The acceptance of, and entry of judgment upon, a general offer of judgment concludes the plaintiff from bringing a new action for any part of the claim embraced in the complaint, and which might have been litigated in the former action.

(Argued June 13, 1883; decided October 2, 1883.)

APPEAL from a judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 3, 1882, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term.

This action was brought to recover rent for the year ending May 1, 1878, of certain rooms in the city of New York, alleged to have been leased for the use of the recorder, and to have been used and occupied up to the date aforesaid.

The same leasing was in question in a former action. After the decision of this court therein (83 N. Y. 207) defendant offered judgment in that action, which was accepted and judgment entered in accordance therewith.

The substance of the offer and the other material facts are stated in the opinion.

- *Edmund Coffin, Jr.,* for appellant. A judgment by confession is conclusive evidence between the parties, of all the facts alleged in the complaint necessary to make out the cause of action, and of all the legal principles necessarily applied in order to entitle the plaintiff to recover on the facts alleged. ( *White* v. *Merritt,* 7 N. Y. 352; *Gates* v. *Preston,* 41 id. 113 ; *Newton* v. *Hook,* 48 id. 676; *Brown* v. *Mayor,* 66 id. 385 ; *Guest* v. *City of Brooklyn,* 79 id. 624; *Ackley* v. *Westervelt,* 86 id. 448.) The defendant cannot impeach the conclusion of the judgment, and the evidence offered is insufficient for that purpose. (Code of Civ. Proc., § 738; *Burnett* v. *Westfall,* 15 How. 530; *Kerby* v. *Daly,* 63 N. Y. 659 ; 45 id. 84 ; *Knox* v. *Hexter,* 71 id. 461 ; 63 id. 561 ; *Lawrence* v. *Cabet,* 9 J. & S. 122 ; *Jarvis* v. *Driggs,* 69 N. Y. 143 ; *Schuyler* v. *Smith,* 51 id. 309.) If the judgment in the former action is not conclusive in favor of the plaintiff for the time subsequent to November 1, 1877, it is no bar to the recovery of the plaintiff for the entire year as claimed in the complaint. ( *Remington Paper Co.* v. *O'Dougherty,* 81 N. Y. 474, 490 ; *Doty* v. *Brown,* 4 id. 71 ; *People* v. *Dennison,* 84 id. 272, 284.) If the prior adjudication is not a bar to the plaintiff's claim for the six months between the 1st of May and 1st of November, 1877, the plaintiff is entitled to recover as claimed in his complaint. ( *Guest* v. *City of Brooklyn,* 79 N. Y. 624 ; *Ackley* v. *Westervelt,* 86 id. 448.) Resolutions of the common council are not public notices of which all are bound to know. ( *Porter* v. *Waring,* 69 N. Y. 250.) The obligation to pay does not depend on contract, but arises from the trespass. ( *Schuyler* v. *Smith,* 54 N. Y. 309;

*Witt* v. *The Mayor*, 5 Robt. 248; *S. C.*, 6 id. 441; 51 N. Y. 316.)

*David J. Dean* for respondent. It was competent on the trial of the case at bar to show by parol which of the causes of action were the basis of the judgment in the former suit. (*Steadman* v. *Patchin*, 34 Barb. 218; *Gardner* v. *Buckbee*, 3 Cow. 120; *Wood* v. *Jackson*, 8 Wend. 9; *Williams* v. *Fitz-hugh*, 44 Barb. 321; *Burwell* v. *Knight*, 51 id. 267; *Maloney* v. *Horan*, 49 N. Y. 116; *Whitcomb* v. *Williams*, 4 Pick. 228; *King* v. *Chase*, 15 N. H. 13; *Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 489.) A party is not estopped by matter not in dispute, upon which the jury never gave judgment in a prior action. (*Carter* v. *James*, 13 M. W. Exch'q, 138; *People, ex rel. Reilly*, 38 N. Y. 63; 3 Cowen & Hill's Notes, 826; *Coit* v. *Tracy*, 8 Conn. 268; *Manny* v. *Harris*, 2 Johns. 224; *Jarvis* v. *Driggs*, 69 N. Y. 143; *Campbell* v. *Consalus*, 25 id. 613; *Sweet* v. *Tuttle*, 14 id. 465; *Cronwell* v. *County of Sac*, 94 U. S. 353; *Hughes* v. *Alexander*, 5 Duer, 438; *Birkhead* v. *Brown*, 5 Sandf. 145; *Davis* v. *Talcott*, 14 Barb. 619; *Campbell* v. *Butts*, 3 Comst. 173; *Doty* v. *Brown*, 4 id. 71.) The act of the recorder in continuing in possession after the passage of the resolution assigning to him the rooms in a building belonging to the city is not sufficient to create a liability against the city. (*McDonald* v. *Mayor*, 68 N. Y. 23; 4 N. Y. Sup. Ct. 177; *Brady* v. *Mayor*, 2 Bosw. 183; 20 N. Y. 312; *Donovan* v. *Mayor*, 33 id. 291; *Hodges* v. *Buffalo*, 2 Denio, 112; *Bonesteel* v. *Mayor*, 22 N. Y. 162; Dillon on Mun. Corp.; §§ 272–381; *Supv'rs* v. *Ellis*, 59 N. Y. 620.)

ANDREWS, J. The tenancy of the premises for the rent of which this action is brought was initiated under a written lease from the plaintiff to the board of supervisors for the term of one year from May 1, 1872. They were hired for the use of the recorder as his chambers, and he entered into possession and continued to occupy them until about July 1, 1877, when

he removed to a city building in Chambers street. The key, however, of the plaintiff's premises was not delivered to him, nor did the plaintiff resume possession until after May 1, 1878, By the written lease the stipulated rent was $2,000 a year, payable quarterly. This action is brought to recover rent at the rate stipulated in the lease for the year commencing May 1, 1877.

It is urged as a complete defense that the holding over by the recorder after May 1, 1877, was without the authority of the city, and did not operate as a renewal of the lease. We think this defense cannot be sustained. That the tenancy originated under a lawful hiring, and that the lease was renewed from year to year by the holding over of the recorder until May 1, 1877, was determined in the prior action between these parties. (83 N. Y. 207.) It is claimed that the holding over by the recorder after that time was unauthorized by reason of the resolution of the common council of December 26, 1876, assigning rooms in the city building for his use. But the resolution of December 26, 1876, did not contemplate an immediate occupation of the new chambers by the recorder. They were not then ready for occupancy, and were not so ready until about August 1, 1877. The resolution, after setting apart certain rooms in the city building for the use of the recorder, directs the commissioner of public works "to give notice and make provision accordingly." There was nothing in the action of the common council to indicate that it designed to terminate the occupancy of the plaintiff's premises before the new chambers were ready. It was the duty of the city, if it desired to terminate the lease, to surrender possession. This it did not do. It (or its predecessor in interest) put the recorder in possession. It continued him in possession for several years after the expiration of the original lease. The plaintiff had a right to assume, in the absence of notice, that his remaining in possession after May 1, 1877, was by the authority or acquiescence of the defendant, and to treat it as a renewal of the lease for another year.

The general rule is unquestionable that a municipal corpora-

tion is not bound by the unauthorized act of an individual, whether an officer of the corporation or a mere private person. But the corporation may so deal with third persons as to justify them in assuming the existence of an authority in another, which in fact has never been given. The city in this case, as has been said, put the recorder in possession, allowed him to continue in possession for years, using the plaintiff's premises as a court-room, and this possession continued after May 1, 1877, in the same way as for the years before. Under such circumstances an affirmative duty rested on the city to surrender the possession, or at least to notify the plaintiff before a new year was entered upon that the tenancy would not continue, in order to terminate the lease.

But we are of opinion that the judgment in the former action entered upon the offer of the defendant, is a bar to the recovery of rent for the two quarters embraced in the complaint in that action. This conclusion does not rest upon the ground that the question of the right to recover rent for the two quarters ending November 1, 1876, was adjudicated adversely to the plaintiff in that action. It clearly was not; but it rests upon the ground that a general offer of judgment accepted, upon which judgment has been entered, concludes the party accepting it from bringing a new action for any part of the claim embraced in the complaint, and which might have been litigated in the action. The offer, under the Code, is made to save litigation. The party to whom it is made may accept or reject it. If he accepts it, and may afterward bring a new action and sustain it by proof that the whole claim originally made was recoverable, or that the amount offered was due on one of several causes of action embraced in the original action, it would or might destroy the only consideration upon which the other party acted in making the offer. *Non constat* that the offer would have been made except upon the view that its acceptance would extinguish the entire claim. The offer in question was to permit judgment to be taken for $1,000, with interest on $500 from February 1, 1876, and on $500 from May 1, 1877. We can very easily see that the defendant intended to permit judgment

for the amount of the two quarters rent prior to May 1, 1876, and not for the rent for the two quarters commencing May 1, 1877, which was also embraced in the action. The plaintiff was at liberty to accept or reject the offer. The acceptance and judgment merged the whole claim. Upon the evidence as now presented, we think the plaintiff is entitled to recover rent for the six months ending April 30, 1878.

The judgment should, therefore, be reversed and a new trial ordered.

All concur.

Judgment reversed.