## POTTER *v.* GATES.

*(Supreme Court, General Term, Third Department.* February 24, 1890.)

1. PAYMENT—PLEADING AND PROOF—GENERAL DENIAL.

A complaint was in two counts. One averred an indebtedness, and a payment thereon. The other, damages by reason of facts therein stated. *Held,* that a mere denial of the complaint did not permit proof of payment.

2. SET-OFF AND COUNTER-CLAIM—FAILURE TO PLEAD—SUBSEQUENT ACTION.

An omission to set up a counter-claim arising on an independent cause of action does not preclude a subsequent suit thereon.

Appeal from judgment on report of referee.

Action by Amos Potter against Abram F. Gates. The complaint contained two claims. The first was for goods sold and delivered. The second, on a special contract by which defendant was to draw logs to plaintiff's mill, enough to make 100,000 feet of lumber, and to pay plaintiff $2 for sawing each 1,000 feet. And plaintiff alleged that defendant drew only enough to make about 40,000 feet, and had not paid for the sawing of these. The referee found, specifically, several matters of dealing between the parties. He found, substantially, that plaintiff had sawed for defendant 40,727 feet, and "stuck up" thereof 21,797 feet, for which defendant owed him $112.61. He also found the plaintiff had done sawing for defendant amounting to $73.12, on which had been paid $10. He also found a sale of lumber to plaintiff amounting to $50.10, which plaintiff was entitled to offset against the preceding claims. He reported in plaintiff's favor $125.63. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*W. H. Andrews,* for appellant. *Conger & Orvis,* for respondent.

LEARNED, P. J. The first point made by defendant is that the referee erred in excluding a question tending to show payment. The ground of the objection was that the answer did not contain any allegation of payment. There is no doubt as to the rule that payment must be pleaded, and evidence of payment cannot be given under a general denial. The case of *Quin* v. *Lloyd,* 41 N. Y. 349, is an exception, because the complaint was so drawn as to allege, not any definite amount for which defendant had become liable to plaintiff, but merely that a certain balance remained due after payments; and the court held that this opened the matter to proof of payments. That is not the present case. Each count avers facts showing that defendant had become indebted thereby in a certain amount to the plaintiff. The first avers an indebtedness of $300, and a payment of $10. The second avers damages by reason of the facts to $200. A mere denial of this complaint does not permit proof of payment.

The next point is that a certain judgment previously recovered by Gates against Potter should have been held to be a bar to this action. Gates sued Potter in February, 1887, in justice's court. The amount of the respective accounts was found to exceed $400, and the action was dismissed. Then, in February, 1887, Gates sued Potter in the supreme court, on two causes of action,—one on contract, for wood sold; the other, principally for money paid, demanding $306.48. Potter made an offer to permit judgment for $125, which Gates accepted, and judgment was entered accordingly. The defendant's claim now is that the difference between his claim in that action, and the amount offered and accepted therein, really represented the plaintiff's present claim, and therefore that plaintiff is barred. But the plaintiff was not bound

to set up any counter-claim in that action which arose on an independent cause of action. His neglect to do so does not deprive him of his right of action thereon. *Brown* v. *Gallaudet*, 80 N. Y. 413. Therefore, that former action was not a bar. Nor can we assume that the offer and acceptance implied that the plaintiff's present claim was taken into account. The offer respected simply the complaint, and the cause of action therein set forth. No answer had been put in. If there had been an answer, probably, the offer and acceptance would have been a settlement of all matters contained both in the complaint and in the answer. Nor did the pleadings in the justice's court determine the question. Potter chose to offer a certain sum in payment of the claim of Gates, and Gates accepted it. The acceptance settled that claim; nothing more. It is true that a neglect to set up a defense to a cause of action concludes the defendant. But that is not true of a counter-claim arising on a distinct cause of action. To set that up is a privilege, not a duty.

The defendant urges that the referee erred in his findings of fact. Our right to review such errors is one to be rarely exercised. To a great extent, the referee is like a jury. It is not best that an appellate court should attempt to review findings of fact. As we have repeatedly said, the tribunal which sees and hears the witnesses generally reaches better conclusions than one in the power of an appellate court. There is conflicting evidence in this case. Both parties were witnesses. They had had a good deal of business with each other, not very large in amount, and perhaps not very carefully conducted. The defendant, for instance, claims that plaintiff made a contract with one Davis, who was to build a barn for defendant, and that defendant's only agreement was to pay if Davis did not. But that was disputed by the plaintiff and his witnesses, who claim that the contract was such that the defendant was the original debtor; and the referee found for the plaintiff. So there is a dispute of fact as to the amount of lumber actually sawed under this agreement, and evidence is given as to the amount used in the barn. But the referee finds that Davis sold to defendant the residue of the logs and lumber therefrom. Altogether, we think this is a case in which the referee's findings of fact should not be disturbed.

We see no errors in the exclusion of evidence. Judgment affirmed, with costs.