## CHAPIN *v.* PRATT.

(*Supreme Court, General Term, Third Department.* November 22, 1892.)

PLEADING—PROOF UNDER GENERAL DENIAL.

　　In an action by an indorsee against the maker of a check given for a valuable consideration, defendant cannot prove a rescission of the contract for which the check was given, or an accord and satisfaction, where his answer is merely a general denial.

Appeal from judgment on report of referee.

Action by Hiland H. Chapin, as indorsee from Agnes M. Huggins, against A. V. Pratt. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Robert Armstrong, Jr.,* for appellant. *Gibson & Van Kirk, (C. C. Van Kirk,* of counsel,) for respondent.

PUTNAM, J. The check in suit was given for a valuable consideration, and plaintiff, as indorsee, properly obtained judgment thereon, unless the defense asserted by defendant, of rescission of contract, (or accord and satisfaction,) was established on the trial. The burden was upon the defendant to establish such defense. He claimed that the alleged settlement was made between William J. Huggins, as agent of the indorsee, and himself. It was for the defendant to show the authority of the agent, and he was bound to show an express authority, no general agency being shown. *Messmore* v. *Haulenbeek,* 15 Hun, 494. The only testimony produced by the defendant to show such agency was that of William J. Huggins himself. He testified on that subject, in substance, as follows: "I come to Fort Edward at the request of my wife. She instructed me to go there, and offer them $18,—or $10, I should say. She would throw off $10 on the check, or she would give them $10, and return the check. My wife would throw off $10 on the check if they would pay the lien, or she would give them $10, and take back the colt, and send them the check." This is the only evidence in the case on the subject of the authority of William J. Huggins. It shows a special agency to offer $10, take back the horse, and return the check. This offer was not accepted, and the agent was not shown to have any authority to make any different settlement of the matter, and hence the arrangement in fact made between William J. Huggins and defendant was not binding on Mrs. Huggins. It appears that Huggins did not have the check in his possession, and it is not shown that Mrs. Huggins ever received back the horse; hence there is no question of ratification involved in the case. I conclude that defendant failed to show the authority of the agent, Huggins, to make the settlement alleged as a defense. Therefore the defendant was not injured by the error of the referee (if it was an error) in striking out the testimony of Huggins as to the instructions given him by his wife. But, again, I think the referee was right in striking out the testimony referred to, although not for the reason stated by him. The answer was merely a general denial, and under that pleading the defendant could not properly prove a rescission of the contract, or an accord and satisfaction. Such rescission or accord, like the defense of payment, should be pleaded as an affirmative defense. *Potter* v. *Gates,* (Sup.) 9 N. Y. Supp. 87; *McKyring* v. *Bull,* 16 N. Y. 297. The plaintiff, on the trial, and by motion to strike out, objected to evidence tending to show this defense, on the ground that such testimony was incompetent under the answer. Hence the referee did not err in striking out said testimony, and his conclusion should be sustained, although for a different reason than that stated by him. The evidence in question being properly stricken from the case, no testimony remained showing the agency of William J. Huggins, of any kind. The judgment should be affirmed, with costs.

MAYHAM, P. J., concurs.

HERRICK, J. I concur on ground last stated in the opinion.