JAMES M. STILWELL, Appellant, *v.* BENJAMIN W. STILWELL, Respondent.

*Offer to allow judgment to be taken — acceptance thereof — contract made thereby cannot be modified by the court — when the contract is executed.*

An offer served by the defendant in an action to allow the plaintiff therein to take judgment against him for a specified sum, together with the acceptance thereof, constitutes a contract which the court cannot set aside upon motion. The court is also powerless to order or frame an amendment of the judgment or offer, which would operate to change the contract, without the consent of both parties.

The contract made, by the service on the plaintiff in an action of an offer to allow judgment to be taken against the defendant, and the acceptance thereof by the plaintiff, requires the agreement of both parties to make it effectual; it becomes executed when the judgment entered upon the offer and the acceptance is fully paid and satisfied.

APPEAL by the plaintiff, James M. Stilwell, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Westchester on the 20th day of January, 1894, directing that the judgment and offer of judgment in the action be amended so as to reduce the amount thereof $200.

*Ralph E. Prime,* for the appellant.

*John F. Brennan,* for the defendant.

DYKMAN, J.:

This is an appeal from an order amending the defendant's offer of judgment and the judgment entered on such offer, and the acceptance thereof.

The complaint in the action alleges that in June, 1875, the grandfather of the plaintiff deposited in the Yonkers Savings Bank $1,500 in the name of Benjamin W. Stilwell, in trust for James M. Stilwell, the plaintiff, and delivered the bank book to the defendant in trust for the plaintiff, and the defendant agreed to hold the book, money, funds and accumulations for the plaintiff; and the understanding was that the money was to constitute a fund whereby the plaintiff would be enabled to build on lands which the grandfather would thereafter give to the plaintiff, and that the principal and accumulations of interest would be paid to the plaintiff when he should arrive at full age ; that the plaintiff did arrive at full age on the 8th day of February, 1893, and that thereafter the plaintiff requested, and also demanded the money from the defendant, and he refused to pay it over.

This suit was then commenced, and the defendant answered on May 24, 1893, and the next day served a written offer to allow judgment against him for $3,252.60, and interest at four per cent and costs, which offer was accepted the same day.

Judgment was entered on the offer and acceptance. The defendant, after the acceptance of the first offer, discovered what he claims was a mistake, and served a second offer for $100 less than

the first, claiming a mistake in that amount, with notice of withdrawal of the first offer. Plaintiff's attorney then served a notice that the first offer, having been accepted, could not be withdrawn, and calling upon the attorney for the defendant to move promptly for the relief to which he might deem himself entitled. The defendant did not move, and the plaintiff then made a motion at the Special Term, and after a hearing thereat, an order was made setting aside the service of the first offer unless the plaintiff should stipulate to reduce the judgment by $100, and granting costs of motion to the plaintiff.

The stipulation to reduce the judgment was made and filed. The defendant paid the judgment June 3, 1893, and in July thereafter claims to have discovered this mistake in the offer, but made no motion to correct it or to obtain any relief until the middle of December, 1893, and then made a motion at the Special Term to amend the offer and judgment so as to reduce the amount $200 beside the $100 deducted by the stipulation already mentioned, and such an order was made. The plaintiff has appealed from that order, and in our view it was erroneous.

The offer and acceptance constituted a contract which the court could not set aside on motion. It was equally powerless to order or frame an amendment that would operate to change the contract, without the consent of both parties. The contract made by the offer and acceptance by the parties required the agreement of both parties to make it effectual.

The contract became executed when, in the month of June, 1893, the judgment upon the offer and acceptance was fully paid and satisfied.

It is unnecessary to decide here what course should have been pursued on the part of the defendant in case an error had crept into his offer, but the order of the Special Term compelled the defendant to deduct $200 besides the $100 deducted by the stipulation which the plaintiff made. That is plainly erroneous, and the order should be reversed, with ten dollars costs and disbursements.

BROWN, P. J., and CULLEN, J., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.