JUDGMENT—ACCEPTANCE OF OFFER FOR PART OF CLAIM.
  In an action for the price of goods sold, defendant alleged part payment by note, and made an offer of judgment for the balance, with interest and costs, which plaintiff accepted.  Held, that entry of judgment on

such offer and acceptance was a bar to a recovery of the balance of the claim sued on.

Appeal from trial term.

Action by Julius Frendenheim against Julia Raduziner. From a judgment directed for plaintiff on a trial by the court without a jury, defendant appeals. Reversed.

Argued before VAN WYCK, J., and CONLAN, J.

W. F. Severance, for plaintiff.

A. H. Berrick, for defendant.

VAN WYCK, J. The alleged cause is goods sold and delivered to defendant, of agreed price of $728.97; and the answer specifically admits this, and alleges that the defendant paid plaintiff on account thereof $560, by her certain promissory notes. The defendant, with her answer, served on October 20, 1894, a written offer to allow judgment for $170, interest, costs, and disbursements; and the plaintiff thereafter, on October 24th, served a written acceptance of this offer, and upon November 2d he entered judgment upon this offer and his acceptance thereof for $192.28. However, before entry of this judgment, plaintiff obtained, on November 1st, an order permitting him to enter judgment for $170, with interest and costs, and to continue his action for the recovery of the balance. Appellant contended at trial that this offer of judgment, acceptance thereof, and the entry of judgment thereon, was a bar to plaintiff's recovery of the balance of his claim in this action; and this contention seems correct, for the court had no right to grant this order of severance, upon the facts as disclosed in the papers upon which it was obtained. Appellant's counsel contends "that if defendant's contention be sustained the result will necessarily be that plaintiff will lose $550 of a debt admitted to be just, and for which plaintiff holds defendant's notes" (this is not so, for he still can sue on the notes), "and, in addition, that the plaintiff will be mulcted in a large sum for costs." But even so; this will be due to the mistaken practice of his counsel; and moreover, if plaintiff's contention is sustained, the defendant will be mulcted in costs, and not because of any mistake made by her or her counsel. The judgment should be reversed, and new trial granted, with costs to appellant to abide the event.