(15 Misc. Rep. 124.)

### FREUDENHEIM et al. v. RADUZINER.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

1. JUDGMENT—ACCEPTANCE OF OFFER—MERGER OF CAUSE OF ACTION.

An offer by defendant to allow judgment to be taken by plaintiff for a stated amount, as provided by Code Civ. Proc. § 738, is, in effect, an offer of compromise; and if it is accepted, and a judgment entered thereon, it merges the entire cause of action.

2. SAME—WAIVER.

Where plaintiff procures a severance of an action on defendant's offer of judgment, and takes judgment for the amount offered, and a continuance as to the remainder claimed, and defendant goes to trial without objection, he thereby waives the effect of the judgment as merging the entire cause of action, and cannot introduce in evidence the judgment as a bar, no such issue being made by his pleading.

Appeal from city court, general term.

Action by Julius Freudenheim and others against Julia Raduziner. From a judgment of the city court (33 N. Y. Supp. 1128) affirming a judgment entered on a verdict in favor of defendant, plaintiffs appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Wales F. Severance, for appellants.

A. H. Berrick, for respondent.

BISCHOFF, J. The action was to recover for goods sold and delivered, to which an answer was interposed which admitted a certain amount as due and owing, and denied any further indebtedness. With the answer the defendant caused to be served an offer to allow judgment to be taken against her for a stated amount, with interest and costs. Code Civ. Proc. § 738. Thereupon the plaintiff secured an order, upon their motion, which provided for a severance of the action, permitted judgment to be entered sev-

erally for the amount admitted by the answer to be due and owing, and continued the action for the residue of the plaintiffs' claim. Id. § 511. On the next succeeding day the plaintiffs caused judgment to be entered upon the defendant's offer and their acceptance thereof. Later the supposed cause was called for trial, and the parties proceeded to litigate the issues. The plaintiffs established a prima facie right to recover the amount for which judgment was demanded in the complaint, and the defendant, against the plaintiffs' objection that the defense of former recovery was not pleaded, and under exception to the ruling, was permitted to introduce the judgment roll above alluded to in evidence. The trial court held the judgment to be a bar to the plaintiffs' further recovery, and, under exception, directed a verdict for the defendant. From the judgment which was entered upon the verdict, and the judgment of affirmance at general term below, the present appeal was taken.

It is apparent that the trial court, as well as counsel for all the litigants, misapprehended the effect of the judgment which had been entered upon the defendant's offer. Such judgment merged the entire cause of action, as set forth in the complaint. See note on "Defendant's Offer to Compromise," Potter v. Gates, 2 Silvernail, 415, 9 N. Y. Supp. 87, and cases there collated; Stilwell v. Stilwell, 81 Hun, 392, 30 N. Y. Supp. 961. It furthermore determined the action. No issues thereafter remained to be tried (Bucking v. Hauselt, 9 Hun, 635), and the cause should have been stricken from the trial calendar.

It was competent to the parties, however, to waive the effect of the judgment; and having proceeded to litigate the issues made by the pleadings, without objection on either part, such a waiver must be deemed to have resulted. Neither party can thereafter, for the purposes of an appeal, be permitted to assume an attitude which is inconsistent with his position upon the trial. See "Estoppel," note on "Inconsistent Position in Legal Proceedings," 7 Am. & Eng. Enc. Law, 22, and cases there collated; Fay v. Muhlker, 1 Misc. Rep. 321, 323, 20 N. Y. Supp. 671. Adhering to the rule stated, and regarding the action, at the time of the trial alluded to, as pending, and the issues as undetermined, consistently with the attitude of all the litigants, it is clear that the defense of a former recovery was not available to the defendant, because not pleaded. If the appearance of the parties, and their consent to the trial of the issues, be regarded as a new action, the result remains unchanged. Hence it was error to admit the judgment which was entered upon the defendant's offer in evidence, and for such error the judgment should be reversed.

Judgment reversed, with costs of this appeal to the appellants. A new trial is ordered, unless, upon the objection of either party, the court below shall strike the cause from the trial calendar. All concur.