GILBERT C. SHEPHERD, Appellant, *v.* ALEXANDER T. MOODHE,
Respondent.

REPLEVIN — ACCEPTANCE BY PLAINTIFF OF OFFER OF JUDGMENT FOR
A PORTION OF THE CHATTELS — ESTABLISHMENT OF TITLE OF DEFEND-
ANT TO CHATTELS EXCEPTED FROM THE OFFER. When, in an action of
replevin for the possession of several chattels, the defendant, in his
answer, claims absolute title to some of the chattels and demands judg-
ment therefor, and serves an offer of judgment in favor of the plaintiff
for all the chattels in suit except those claimed in the answer, and the
offer is accepted and judgment entered accordingly, the title of the
defendant to the chattels claimed in his answer and excepted from his
offer is conclusively established, and the plaintiff is estopped from assert-
ing title thereto in another action of replevin subsequently brought against
him by the original defendant to recover possession of such excepted chat-
tels, if retained by the original plaintiff under his preliminary requisition
in the original action.

*Shepherd* v. *Moodhe,* 8 Misc. Rep. 607, reversed.

(Submitted May 28, 1896; decided October 6, 1896.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, entered upon an order made May 28, 1894,
which reversed an order of Special Term granting a new trial,
denied a new trial and affirmed a judgment in favor of defend-
ant entered upon a verdict.

This is an action of replevin. It was brought to recover
the possession of a hearse of which the appellant claimed to
be the owner, and which at the commencement of this action
was in the possession of the respondent.

Prior to January 19, 1893, the appellant, who was the
keeper of a livery stable, had in his possession two black
horses, one set of double harness, one coach, and the hearse
in question. On the twentieth day of that month the respond-
ent began an action in the City Court of Brooklyn to
recover the possession of all the property mentioned, on the
ground that it was wrongfully detained by the appellant.
The respondent claimed that the appellant retained the
possession of the property for the reason that he had a lien
thereon for keeping it, although the respondent had tendered

him the amount of such claim or lien, and demanded the possession of the property, with which the appellant refused to comply.

The appellant answered the complaint in that action by interposing a general denial, and by alleging affirmatively that he was the owner of the hearse; that the respondent wrongfully took the same from his possession January 21st, 1893, and still detained it, although the appellant had duly demanded the possession thereof. He demanded judgment therein for the possession of it, or, in case delivery could not be had, for its value.

After the service of his answer, the appellant served upon the respondent an offer of judgment, by which he consented that the respondent might take judgment against him in that action for the possession of all the property mentioned in the complaint, except the hearse, with costs. All the articles above enumerated, except that, were mentioned in the offer. That offer was accepted, and judgment entered thereon which adjudged that the respondent should have and retain the possession of the two black horses, one set of harness and the coach, and that he should recover $55.34 costs of that action.

Subsequently to its entry the judgment was paid by the appellant. Thereupon he demanded the hearse of the respondent, into whose possession it had come by virtue of the requisition issued in the former action. He refused to deliver such possession, and thereupon this action was commenced.

The proceedings in the former action were set up by each party in the pleadings herein, and each claims title to the hearse. Upon the trial the appellant claimed that the effect of the former action, the offer of judgment, and the judgment entered therein was to estop the respondent from claiming title to the property in suit. The trial court, however, held otherwise, and submitted to the jury the question of title and it found a verdict in favor of the respondent. Thereupon the appellant moved at Special Term for a new

trial on a case and exceptions, and the motion was granted. From the order granting a new trial the respondent appealed to the General Term, where the order of the Special Term was reversed, a new trial denied and the original judgment affirmed, with costs. From that judgment this appeal was taken.

*Herman H. Baker* for appellant. When the defendant accepted the offer of judgment and entered judgment thereon his claim of ownership of the hearse and the right to the possession thereof were extinguished, and merged in the judgment entered, and the judgment estopped him to say that the hearse was his, or that it was not the plaintiff's property. (*N. U. Mill Co.* v. *Muxlow*, 115 N. Y. 170 ; *Bulger* v. *Rosa*, 47 Hun, 435 ; *Davies* v. *Mayor, etc.*, 93 N. Y. 250 ; *Robinson* v. *Marks*, 19 Hun, 325 ; *Lord* v. *Tiffany*, 98 N. Y. 412 ; *McEachern* v. *Kerchner*, 90 N. C. 178, 179 ; *Stilwell* v. *Stilwell*, 1 N. Y. Ann. Cas. 31 ; Code Civ. Proc. § 738 ; *McFarren* v. *St. John*, 14 Hun, 387 ; *Riggs* v. *Waydell*, 17 Hun, 515 ; *Walker* v. *Johnson*, 8 How. Pr. 240.)

*Fisher & Voltz* for respondent. The rule which plaintiff invokes, that the judgment is conclusive as to the matters not only actually litigated and determined, but which might have been litigated and determined, is not a rule of universal application, and is not applicable in this case. ( *Yates* v. *Fassett*, 5 Den. 21 ; *Angel* v. *Hollister*, 38 N. Y. 378 ; *Malloney* v. *Horan*, 49 N. Y. 111 ; *Stannard* v. *Hubbell*, 123 N. Y. 520 ; *Stowell* v. *Chamberlain*, 60 N. Y. 272 ; *Brady* v. *Beadleston*, 62 Hun, 584.) If the contention of the appellant, that the rights of the parties are finally adjudicated in the former action is correct, then the plaintiff in this action must fail, because he might have procured a return of the hearse by a judgment in that action and has failed to do so. (Code Civ. Proc. §§ 1728, 1730 ; *McKnight* v. *Dunlop*, 36 Barb. 4 ; *Morris* v. *De Witt*, 5 Wend. 71 ; *Keyser* v. *Bauer*, 5 Kans. 211 ; Cobby on Replevin, § 1133 ; Wells on Replevin, §§ 481–510.)

24

MARTIN, J.   The only question involved on this appeal is
whether the former action and the judgment entered therein
conclusively established the title of the appellant to the prop-
erty in question.

It will be observed that when he made an offer of judgment
in the former action he had expressly alleged in his answer
that he was the owner of the hearse, and had demanded judg-
ment for its possession and return.   Thus when the offer in
that case was made and accepted, by the pleadings therein the
respondent claimed title to all the property, while the appel-
lant asserted title to that involved in this action.   With the
pleadings standing thus the appellant made an offer of judg-
ment for all the property except that to which he claimed
absolute title; it was accepted by the respondent and he duly
entered judgment thereon.

It is contended by the appellant that the offer, acceptance
and entry of judgment in that action in effect constituted a
conclusive admission on the part of the respondent that he
accepted the articles of property mentioned in the offer in
compromise of his claim, and surrendered to the appellant the
title to the remainder.   It is obvious that the appellant
made the offer with that understanding, and with a view of
settling the litigation between the parties by surrendering to
the respondent the two horses, harness and coach and retaining
title to the hearse.

If instead of replevin the respondent's action had been upon
several money demands, or for the conversion of several arti-
cles of personal property, the title to or liability upon one of
which the appellant denied, claiming it as his own or that he
was not liable thereon, and made an offer for the remainder,
excluding the one, manifestly no new action could have been
maintained upon the claim or for the property so omitted.

The acceptance and entry of a judgment upon a general
offer concludes the plaintiff from bringing a new action for
any part of the claim embraced in the complaint, and which
might have been litigated in the former action.   (*Davies* v.
*Mayor, etc., of New York*, 93 N. Y. 250, 254.)   In that

action ANDREWS, J., said : " The offer, under the Code, is made to save litigation. The party to whom it is made may accept or reject it. If he accepts it, and may afterward bring a new action and sustain it by proof that the whole claim originally made was recoverable, or that the amount offered was due on one of several causes of action embraced in the original action, it would or might destroy the only considera- tion upon which the other party acted in making the offer. *Non constat* that the offer would have been made except upon the view that its acceptance would extinguish the entire claim."

In an action against the maker of a note which, with other claims, constituted the plaintiff's cause of action, an offer, acceptance and judgment for the remainder of the claim, excepting the note, were held to be a bar to an action subse- quently brought upon the note, even as against an indorser thereof. (*Robinson* v *Marks*, 19 Hun, 325.) In that case the answer alleged that the note was given as collateral security for a claim that had been paid. The defendant then offered judgment for the sum claimed less the amount of the note. It was accepted and judgment was entered for the amount of the offer. In an action against the indorser it was held that, as the plaintiff accepted the offer which excluded the note, he could not recover on it as against the makers, and as he could not recover against them, he could not against the indorser.

The provisions of sections 738 and 739 of the Code of Civil Procedure, which relate to the compromise of actions, are applicable to an action of replevin, and an offer to compromise in such an action has the same effect as in an action on con- tract. (*Newell Universal Mill Co.* v. *Muxlow*, 115 N. Y. 170.) It was also held in that case that the provisions of section 1728, authorizing the defendant in such an action to recover for a portion of the chattels, although the plaintiff recovers for others, and prescribing the form of judgment, had no bearing upon the provisions of the Code as to costs, and that the rules of pleading and practice under the common law, and under the Revised Statutes, peculiar to the action of replevin, were superseded by the Code of Civil Procedure.

In *Stillwell* v. *Stillwell* (30 N. Y. Supp. 961) it was held that an offer and acceptance, under these provisions of the Code of Civil Procedure, constituted a contract between the parties that could not be changed without their consent. In *Tompkins* v. *Ives* (36 N. Y. 75, 76) it was said: " The import and effect of the offer must be determined by the condition of the pleadings at the time it was made."

The doctrine of the cases cited seems to uphold the contention of the appellant. Moreover we think it is correct in principle. In this case the judgment was the result of the consent of the parties, and should be controlled by it. The respondent claimed five articles of personal property. The appellant claimed absolute title to one, and alleged it in his answer. He then offered judgment for the others, and the defendant accepted his offer. There can be no doubt that the offer and acceptance were in effect an agreement and consent on the part of the respondent to accept the four articles mentioned in the offer in full satisfaction of his claim, and that the title to the remaining one should be regarded as resting in the appellant. If not, what benefit was to be derived from making the offer? Certainly it could not have been the understanding of the parties that the respondent might have the four articles enumerated, receive costs of the action and still retain title to the remaining one, or that it might be withdrawn from the action. If the appellant had intended to surrender his title to the hearse, it would have been mentioned in the offer. If it was a mere withdrawal from the action, he could have had no purpose in making the offer, thus leaving the only matter about which there was any serious dispute or litigation to be determined in another action. It would be absurd to attribute to the appellant any such purpose, and the respondent could not reasonably have supposed that such was the purpose of the offer.

The question under consideration is controlled by the provisions of the Code of Civil Procedure relating to offers of compromise by parties, and its obvious purpose is to permit parties by offer, acceptance and judgment to compromise and

settle all the matters involved in the action.   To compromise
the dispute between the parties, the appellant offered to allow
the respondent to take judgment for a portion of the property
mentioned, in full settlement of the matters in litigation
between them. ˙ By accepting that offer, the respondent must
be regarded as having, in good faith, intended to accept it in
full satisfaction and settlement of his right to the property
involved in that action, and that the remainder should belong
to the appellant.   This conclusion is within the spirit of the
provisions of the Code relating to compromise of actions.
Any other determination would render those provisions delu-
sive, and enable a party to reap an advantage by disregarding
the intention of the other party and the evident purpose and
intent of the statute.

The respondent contends that section 1730 of the Code of
Civil Procedure is applicable to this case, and that as the
plaintiff did not state in his offer that he was to have judg-
ment˙ for the property in question, the judgment entered
thereon did not have the effect of estopping the defendant
from asserting title to it.   As bearing upon this contention it
may be observed that an offer containing such a condition
would have been ineffectual to limit the appellant's right to
costs, as the offer must be unconditional.   (*Pinckney* v. *Childs*,
7 Bosw. 660 ; *Hanna* v. *Dexter*, 15 Abb. Pr. 137, note.)   It
must also be one that would not require a severance of the
action.   (*Griffiths* v. *De Forest*, 16 Abb. Pr. 292.)

The case of *Yates* v. *Fassett* (5 Denio, 21) is relied upon
by the respondent to sustain his contention.   That case arose
under the provisions of the Revised Statutes which, as we
have already seen, have been repealed and the rule changed
by the Code.   Moreover, in that case there was a trial and the
defendant had no judgment in his favor for a return of the
property.   Under those circumstances it was held that he
might, after demand, maintain another action.   That case is
essentially different from this.   There the action was tried,
and, hence, governed by the statute relating to such trials
which was then in force.   In this case there was no trial or

default, and, hence, the provisions of the Code relating to the entry of judgment in such cases have no application. The judgment here was the result of the consent of the parties and must be controlled by such consent and by the statute relating to that subject.

Thus we are led to the conclusion that the respondent, in accepting the appellant's offer, assumed and conceded the title to the hearse to be in the appellant, and when the respondent acted upon it and entered judgment, the judgment must be regarded as conclusive evidence that the title to the hearse was in the appellant.

Hence, the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.