## WALSH et al. v. EMPIRE BRICK & SUPPLY CO.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. ACTION—OFFER OF JUDGMENT—EFFECT AS SETTLING ALL CAUSES OF ACTION
   —SEVERANCE AND CONTINUANCE.
   
   Code Civ. Proc. § 511, provides that, when defendant's answer admits a part of plaintiff's claim, the court may order a severance, entering judgment for the part admitted, and permitting plaintiff to elect to continue as to the remainder, and that, if plaintiff does so elect, his right to costs on recovering judgment is the same as if he had originally sued for the disputed portion of his claim, but, if he does not so elect, costs shall go as on final judgment in other cases. Plaintiff sued on two causes of action, and defendant admitted the second, while denying the first, and offered judgment generally in the action, with costs, in the exact amount of plaintiff's second claim, which offer plaintiff accepted. *Held*, that by so doing plaintiff settled the action, and could not have a severance and continuance under the statute.

2. SAME—ERROR OF LAW—RELIEF.
   
   Plaintiff could not be relieved of the effect of such acceptance on the ground that he fell into error of law in regarding defendant's offer as pertaining only to the second cause of action.

Appeal from Special Term, Columbia County.

Action by Jerome Walsh, Elijah Walsh, and Robert Main, as co-partners of the firm of Walsh Bros. & Co., against the Empire Brick & Supply Company. From an order granting plaintiffs' motion to sever the causes of action set up in the complaint, defendant appeals. Modified.

The complaint in this action set forth two causes of action, upon the first of which plaintiffs demanded judgment for the sum of $5,457.80 as damages for an alleged breach of contract. In the second cause of action plaintiffs demanded judgment for $798.86 as damages for the alleged breach of another contract, with interest from October 1, 1902. Defendant interposed an answer containing denials of the facts alleged as the plaintiffs' first cause of action, and admitting the facts alleged as the plaintiffs' second cause of action. Together with the answer was served an offer of judgment for the sum of $798.86, with interest from October 1, 1902, with costs. Within 10 days thereafter the plaintiffs served upon the defendant a written acceptance of the offer of judgment, and notice of taxation of costs. Thereafter, and before judgment was entered upon said offer, plaintiffs noticed a motion upon the summons and complaint, answer, offer of judgment, acceptance, and the affidavit of plaintiffs' attorney, for an order permitting plaintiffs to prosecute this action upon the first cause of action set forth in the complaint, and this action be severed pursuant to the provisions of section 511 of the Code of Civil Procedure, and the said order provide that plaintiffs have leave to enter judgment for the part of plaintiffs' claims herein admitted by the defendant to be just, and pursuant to defendant's offer of judgment herein accepted by plaintiffs, with like effect as to subsequent proceedings in this action as if it had been originally brought for the remainder of plaintiffs' claim. Upon that motion the defendant appeared, and objected that both causes of action were settled by the plaintiffs' acceptance of defendant's offer of judgment. This objection was overruled, and the court, at Special Term, directed the severance of the action, and the entry of judgment for the cause of action admitted, together with costs, with leave to the plaintiffs to prosecute the cause of action first contained in their complaint. From this order the defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Strong & Cadwalader (George Coggill, of counsel), for appellant.
D. H. Daley, for respondents.

SMITH, J. Under section 511 of the Code of Civil Procedure, upon admission by defendant of the facts constituting the plaintiffs' second cause of action, in the absence of an offer of judgment and acceptance thereof, the plaintiffs were entitled to a severance of the action, with judgment upon the cause of action admitted. Under that section, however, the plaintiffs were not entitled to costs unless they elected not to continue the action as to the remaining cause of action. Waite v. F. J. Kaldenberg Co., 68 Hun, 528, 22 N. Y. Supp. 823. The offer of judgment, however, for the exact amount claimed in plaintiffs' second cause of action, was an offer of judgment with costs, and has been apparently construed by the Special Term as an offer of judgment upon the second cause of action; and, as such, judgment has been ordered in accordance with the offer and acceptance. Assuming, for the argument, that an offer of judgment may be made applicable by the defendant to one of several causes of action stated in the complaint, upon the acceptance of which the court would be authorized to sever the action giving judgment for the amount offered, and continuing the actions as to the remaining causes of action, this offer of judgment was not by the defendant made applicable to any specific cause of action. It was made generally in the action, and the acceptance of the offer must be deemed to be a settlement of all damages claimed in the action directly within the authority of Shepherd v. Moodhe, 150 N. Y. 183, 44 N. E. 963. In that case the headnote reads :

"When, in an action of replevin for the possession of certain chattels, the defendant, in his answer, claims absolute title to some of the chattels, and demands judgment therefor, and serves an offer of judgment in favor of the plaintiff for all the chattels in suit, except those claimed in the answer, and the offer is accepted, and judgment entered accordingly, the title of the defendant to the chattels claimed in his answer and excepted from his offer is conclusively established; and the plaintiff is estopped from asserting title thereto in another action of replevin subsequently brought against him by the original defendant to recover possession of such excepted chattels, if retained by the original plaintiff under his preliminary requisition in the original action."

It would seem that in the case cited the offer of judgment was as distinct and separable as it could be in any action. If the acceptance of the offer in that case was a settlement of the entire action, and constituted a concession of title in the defendant to the property other than that for which the offer was made, I am unable to see why the acceptance of the offer in the case at bar is not a complete satisfaction of plaintiffs' entire claim. The order, therefore, as far as it authorizes the continuance of the action as to the first cause of action, was improperly granted, because the cause of action therein stated had been settled.

Nor can this order stand as the granting of relief to the plaintiffs for inadvertent or mistaken practice. It is apparent that the plaintiffs' attorney construed the offer of judgment as an offer upon the second cause of action only, and, from the affidavit of plaintiffs' at-

torney, it appears that such an offer was the one intended to be accepted. It is difficult to base relief to the plaintiff, however, upon a bare mistake of law as to the effect of the offer of judgment. See Shepherd v. Moodhe, 150 N. Y. 183, 44 N. E. 963; Stillwell v. Stillwell, 81 Hun, 392, 30 N. Y. Supp. 961; Frudenheim v. Raduziner, 10 Misc. Rep. 500, 31 N. Y. Supp. 194. These cases seem to construe an offer of judgment and its acceptance as an accord and satisfaction. The plaintiffs' attorney, however, has accepted the offer, and has sworn to his authority so to do. It is possible, if it should appear that the plaintiffs' attorney was not authorized to accept the offer as it has now been construed by this court, upon that fact being shown the court might grant the plaintiffs relief in the premises. Without deciding, however, that such facts would authorize relief to the plaintiffs, it is enough to say that, without such fact appearing, sufficient facts are not here shown to authorize the court to relieve the plaintiffs.

The order must be modified so as to strike therefrom that provision authorizing the continuance of the action as to the first cause of action stated in the complaint, and, as thus modified, should be affirmed, with $10 costs and disbursements to the appellant. All concur.