(99 App. Div. 248)

ABEL v. BISCHOFF et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. SPECIFIC PERFORMANCE—OFFER OF JUDGMENT—ENTRY OF JUDGMENT.
Plaintiff sought specific performance of a contract for the purchase of land, and a conveyance free from a particular objection, which he alleged prevented his taking title. Defendants answered that the objections to the title had been waived, and plaintiff replied that the particular objection stated in his complaint was not included in that waiver. Defendants offered judgment requiring them "to specifically perform their

contract with plaintiff referred to in the complaint herein, by conveying to plaintiff a good and marketable title to the premises in said contract described, free from all adverse claims referred to in such complaint, together with costs." *Held,* that the court was not authorized, on entering judgment on such offer, to charge plaintiff with interest on the unpaid purchase price, or to declare a forfeiture by plaintiff of payments made on account, upon his failure to comply with the judgment.

Appeal from Special Term, New York County

Action for specific performance by Samuel V. Abel against Henry Bischoff, Jr., and another. From the judgment entered, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

C. Blandy, for appellant.

J. A. Straley, for respondents.

PATTERSON, J. The appeal in this action is from a judgment directing the specific performance of a contract for the sale of land, and by the notice of appeal there is brought up for review an order which contains a provision (also inserted in the final judgment) declaring certain moneys paid on account of the purchase price of the land to be forfeited. The case is somewhat peculiar. The plaintiff and the defendants entered into a contract by which the former agreed to buy and the latter to sell a valuable piece of real estate in the borough of Manhattan, in the city of New York. The completion of the contract was postponed from time to time, payments having been made on account of the purchase. The date for taking the title was finally fixed as August 3, 1903, but the transaction was not then completed, whereupon the plaintiff brought this action to compel the defendants to specifically perform their contract by conveying to him a title free from an apparent incumbrance which was put upon the property after the contract was made, but of which the plaintiff had no knowledge until after the final day for performance had been agreed upon. The action was begun on or about the 26th of August, 1903. An amended complaint was served in October, 1903, and the defendants answered in January, 1904. In their answer, after making some denials, they admit the pendency of certain proceedings and actions which are referred to in the complaint as obstacles to the defendants giving a good title to the premises in question. They also set up in their answer that the agreement originally made between the parties was modified from time to time, one modification being that the plaintiff had agreed to the forfeiture of certain payments on account if he did not complete the purchase at the last agreed date, and that he had waived all objections to title, and agreed to pay interest on unpaid purchase money, he to be allowed certain rents in reduction. The plaintiff was required to reply to the answer, and in doing so he alleged that the waiver referred to had no reference, and could have none, to the matters constituting the objection to title which had arisen after the waiver was made. The action had been pending some months when the defendants made an offer of judgment in the following words:

"The defendants herein, Henry Bischoff, Jr., and Amanda von Graberg, as individuals, and as executor and executrix of and trustees under the last

will and testament of Henry Bischoff, late of the city of New York, deceased, hereby offer to allow judgment to be taken against them in favor of plaintiff requiring defendants to specifically perform their contract with the plaintiff referred to in the amended complaint herein, by conveying to the plaintiff a good marketable title to the premises in said contract described free from all adverse claims referred to in said complaint, together with costs.

"Dated New York, March 3d, 1904.        Henry Bischoff, Jr.
                                        "Amanda von Graberg."

The plaintiff accepted that offer by a notice in the following words:

"The plaintiff herein hereby accepts the defendants' offer of judgment herein dated the 3d day of March, 1904.

"Dated N. Y., March 24th, 1904.        Samuel V. Abel,
                                        "By W. L. Stone, Jr., Attorney."

The plaintiff did not act upon the offer and acceptance, and the defendants then applied to the court to have judgment entered, and upon affidavits and the construction of contracts and stipulations the court directed judgment to be entered by which the defendants are required to specifically perform the contract and make a conveyance free from incumbrances, except as stated therein, and providing that the conveyance shall be made, further, upon the plaintiff paying to the defendants the balance remaining due under the contract of $135,000, with interest at 5 per cent. per annum from the 4th day of May, 1903, until the closing of the title; the rents of said premises to be adjusted, apportioned, and allowed up to the day of closing of the title; the purchaser to assume the risk of fire to the premises from the 4th day of May, 1903; and in default of the closing of said contract by the plaintiff and the payment and adjustment of the rents and interest thereon as therein provided, it is adjudged that plaintiff forfeit all money paid by him on account of the purchase price of said premises, the same to be and remain the property of the defendants herein, and be barred and foreclosed of any and all interest in and to said premises.

We are of opinion that the court had no power to enter this judgment in its present form and with some of its present provisions. The offer of judgment and acceptance constituted a contract (Shepherd v. Moodhe, 150 N. Y. 183, 44 N. E. 963), and are to be construed and the effect determined by the condition of the pleadings in the case at the time the offer was made (Tompkins v. Ives, 36 N. Y. 75). In the case before us the plaintiff sought specific performance of the contract and a conveyance of the property free from the particular objection which he alleged stood in the way of his taking title. The defendants, by their offer of judgment, conceded that the plaintiff was entitled to a conveyance free from that objection, and by their recognition of his being entitled to judgment they admitted his right to institute this action. They had set up in their answer that objections to title were waived, and the plaintiff, in his reply, had taken the position that the particular objection stated in his complaint was not one which could be regarded as being included in that waiver. Such being the condition of the pleadings when the offer was made, the rights of the parties were fixed on the offer as of the date at which it was made. That being so, further inquiry as to the relations between the parties was not permissible as the matter now stands. Judgment could be entered that the contract be specifically performed by conveying to the plaintiff a

good marketable title to the premises in said contract described, free from all adverse claims mentioned in the complaint, together with costs, and a time and place for the delivery of the deed and payment of the purchase price should be fixed in the judgment. But it is apparent to us that in entering judgment upon this offer it was not competent to the court to charge the plaintiff with interest on the unpaid purchase money, nor was it competent to declare a forfeiture of payments made on account by the plaintiff, unless he complied with the terms of the present judgment.

We are of opinion that the judgment should be modified to conform with the views herein expressed, without costs of this appeal, and that the order appealed from should be reversed, and the motion denied. All concur.